UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ROBERT TED BROWN,**<br>         **Defendants,**<br><br>AND<br><br>**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and INTERNAL REVENUE SERVICE,**<br><br>**Defendant/Party-In-Interest** | **CASE NO:** |

**COMPLAINT TO FORECLOSE MORTGAGE**

**INTRODUCTION**

Plaintiff, U.S. Bank National Association, as Legal Title Trustee for Truman 2016-SC6 Title Trust ("U.S. Bank" or "Plaintiff") brings this action to foreclose a mortgage given by Robert Ted Brown ("Borrower"), encumbering property at 199 Hudson Pond Road, West Greenwich, RI 02817 ("Property"). The mortgage loan is in default and U.S. Bank seeks an order allowing it to foreclose its mortgage by following the procedures set forth in the statutory power of sale.

## PARTIES

1. The Plaintiff, U.S. Bank, is a national banking association with an address of 1133 Rankin Street, Suite 100, St. Paul, Minnesota 55116.  Rushmore Loan Management Services, LLC  ("Rushmore") is servicing the loan for U.S. Bank.

2. The Defendant, Robert Ted Brown ("Mr. Brown"), is believed to be a Rhode Island resident with a last known address at 199 Hudson Pond Road, West Greenwich, RI 02817.

3. Defendant Party-in-Interest, Mortgage Electronic Registration Systems, Inc. ("MERS"), is a Delaware corporation with a principal business address of 1818 Library Street, Suite 300, Reston, VA 20190.

4. Defendant Party-in-Interest, Internal Revenue Service ("IRS"), is a bureau of the United States Department of the Treasury with addresses of United States Department of Justice, Tax Division, Civil Trial Section, Northern Region, P.O. Box 55, Ben Franklin Station, Washington, DC 20044; Office of the United States Attorney General, United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001; and Office of the United States Attorney, District of Rhode Island, 50 Kennedy Plaza, 8th Floor, Providence, Rhode Island 02903.

## JURISDICTION AND VENUE

1. The Court has original jurisdiction over this action involving U.S. Bank's right, title and interest in the subject property pursuant to 28 U.S.C. § 1332(a)(1) since there is complete diversity between the Plaintiff and the Defendants and the amount in controversy exceeds  $75,000.00.

2. Venue is proper under 28 U.S.C. § 1391(b)(2) since the real property that is the subject of this Complaint is situated in Rhode Island.

3. This action seeks to foreclose a mortgage pursuant to R.I.G.L. § 34-27-1, *et. seq.*

## FACTS

5. On or about May 31, 2006, Mr. Brown acquired title to the Property via a Warranty Deed recorded with the Town of West Greenwich Land Evidence Records at Book 318, Page 14. A true and accurate copy of the recorded Deed is attached hereto as **Exhibit A.**

6. On or about May 31, 2006, Mr. Brown executed a Note in favor of New Century Mortgage Corporation in the amount of $414,400.00 ("Note"). A true and accurate copy of the Note is attached hereto as **Exhibit B.**

7. Simultaneously therewith, Mr. Brown granted a mortgage pledging the Property to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for New Century Mortgage Corporation in the amount of $414,400.00 ("Mortgage") as security for the Note. The Mortgage is recorded with the Town of West Greenwich Land Evidence Records at Book 318, Page 16. A true and accurate copy of the recorded Mortgage is attached hereto as **Exhibit C.**

8. On or about December 2, 2011, MERS assigned the Mortgage ("First Assignment") to Bank of America, National Association ("BOA"). The First Assignment is recorded with the Land Evidence Records at Book 411, Page 102. A copy of the First Assignment is attached hereto as **Exhibit D**.

9. On April 15, 2014, BOA assigned ("Second Assignment") the mortgage to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but as Trustee of ARLP Trust 3 ("Christiana Trust"). The Second Assignment was

recorded with the Land Evidence Records in Book 459, Page 198.  A true and accurate copy of the Second Assignment is attached hereto as **Exhibit E.**

10. On March 20, 2015, Christiana Trust assigned ("Third Assignment") the mortgage to Wilmington Trust, National Association, not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-1 ("Wilmington Trust").  The Third Assignment was recorded with the Land Records in Book 472, Page 172.  A true and accurate copy of the Third Assignment is attached hereto as **Exhibit F**.

11. On June 29, 2017, Wilmington Trust assigned ("Fourth Assignment") the mortgage to U.S. Bank.  The Fourth Assignment was recorded with the Land Records in Book 516, Page 104.  A true and accurate copy of the Fourth Assignment is attached hereto as **Exhibit G**.

12. On or about October 1, 2015, Mr. Brown defaulted on the Note and Mortgage by failing to make his monthly mortgage payments.  The mortgage loan remains delinquent and in default, and the mortgage loan is currently due for the October 1, 2015 payment and subsequent payments.

13. On April 17, 2017, Mr. Brown was sent a notice of default ("NOD") at the Property in accordance with the terms of the Mortgage, which advised him of the default and the mortgagee's intent to accelerate the loan if the default was not cured.  A true and accurate copy of the NOD is attached thereto as **Exhibit H**.

14. Mr. Brown did not cure the default by the specified date contained in the Default Notices and the Mortgage loan was accelerated.   True and accurate copies of the notices of acceleration are attached hereto as **Exhibit I**.

15.  The Mortgage contains a provision providing for foreclosure by statutory power of sale. *See* **Exhibit C** at ¶ 15.

16. All conditions precedent to the acceleration of the Note and foreclosure of the Mortgage have been fulfilled or have occurred.

17. A title search of the Property reveals that the following interests in the property subordinate to the Mortgage:

    a. On May 31, 2016, Mr. Brown granted a second mortgage ("Second Mortgage") to MERS in the original principal amount of $51,800.00. The Second Mortgage was recorded with the Land Records in Book 318, Page 32. A true and accurate copy of the Second Mortgage is attached hereto as **Exhibit J**.

    b. The IRS recorded five federal tax liens ("IRS Liens") against Mr. Brown and encumbering the Property. The IRS liens were recorded with the East Greenwich Land Evidence Records in Book 404, Page 92; Book 431, Page 92; Book 499, Page 190; Book 515, Page 223 and Book 547, Page 98, respectively. True and accurate copies of the IRS Liens are attached hereto as **Exhibit K.**

### COUNT I – DECREE AUTHORIZING FORECLOSURE, BARRING THE RIGHT TO REDEEM AND VESTING TITLE IN THE SUCCESSFUL PURCHASER

18. U.S. Bank restates and incorporates the allegations set forth in the preceding paragraphs.

19. U.S. Bank seeks a decree from this Court, pursuant to R.I.G.L. § 34-27-1, determining that Defendant Robert Ted Brown is in default of his obligations under the terms of the Note and Mortgage and the Plaintiff and its successors and/or assigns may foreclose the Mortgage by following the procedures set forth in R.I.G.L. § 34-27-4.

20. Upon completion of the foreclosure auction, U.S. Bank seeks an order from this Court vesting title in the successful purchaser or its successors and assigns, free and clear of any

right to redeem the mortgage and free and clear of any of the subordinate interests as described in paragraph 17 of this Complaint.

## COUNT II – DECLARATORY JUDGMENT

21. U.S. Bank restates and incorporates the allegations set forth in the preceding paragraphs.

22. U.S. Bank seeks a declaratory judgment that: a) U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust is the holder of the Mortgage, b) Defendant Robert Ted Brown is in default of their obligations under the terms of the Mortgage, c) U.S. Bank and its successors and/or assigns may foreclose the Mortgage by following the procedures set forth in R.I.G.L. § 34-27-4 and d) that title to the Property shall be vested in the successful purchaser or its successors and assigns free and clear of any right to redeem the mortgage and free and clear of any subordinate the interests as set forth in paragraph 20 of this Complaint.

**WHEREFORE,** the Plaintiff, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust respectfully requests that this Court:

1. Issue an Order declaring that U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust is the holder of the Mortgage and the Defendant Robert Ted Brown is in default of his obligations under the terms of the Mortgage.

2. Issue an Order allowing U.S. Bank, its successors and/or assigns, to foreclose the equity of redemption in the mortgaged Property by following the procedure for statutory power of sale as set forth in R.I.G.L. § 34-27-4, as well as any other procedures that the Court deems appropriate under the circumstances.

3. Issue an Order requiring U.S. Bank, its successors and/or assigns, to file a report of sale for confirmation by the Court.

4. Issue an Order or Judgment declaring that the Borrower's rights of redemption are foreclosed and that the title to the Property is quieted in the name of the successful purchaser free and clear of any right to redeem the mortgage and free and clear from any right, title or interest in the Property by any of the Defendants.

5. Grant U.S. Bank such additional legal and equitable relief that the Court deems just and appropriate under the circumstances.

    Respectfully submitted,

**U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST**
By its attorney,

*/s/ Thomas J. Walsh*
Thomas J. Walsh, Esq. (#5697)
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458
Direct: (617) 558-8461
Fax: (617) 244-7304
twalsh@harmonlaw.com

Dated:  May 4, 2021