UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>PLAINTIFF,<br><br>v.<br><br>ROBERT TED BROWN, ET AL.,<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)  C.A. No. 21-CV-00198-JJM-PAS<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR TEMPORARY AND PRELIMINARY INJUNCTION**

The Plaintiff, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank"), objects to the Defendant, Robert Ted Brown's ("Mr. Brown"), Motion for a Temporary Restraining Order and Preliminary Injunction because Mr. Brown has not met his burden to show a reasonable likelihood of success on the merits. Mr. Brown alleges that the U.S. Bank failed to properly serve him and is therefore entitle to a stay of the foreclosure sale on 199 Hudson Pond Road, West Greenwich, Rhode Island (the "Subject Property") scheduled for February 16th. However, Mr. Brown was properly served in pursuant to Fed. R. Civ. P. 4(e) via in-hand service on his spouse, Pamela Brown, on August 5, 2021, a full year before he filed for divorce on August 23, 2022.

The Subject Property has always been treated as the address for the mortgage loan and Mr. Brown even instructed U.S. Bank to send all correspondence to this address as recently as December 2023. U.S. Bank never received any notice that the Mr. Brown were estranged from his spouse. Furthermore, Mr. Brown provided no notice to U.S. Bank regarding his change of address and actively asserted that he resides at the Subject Property. As a result, service of process on his

spouse was reasonably calculated to give Mr. Brown knowledge of the proceedings and an opportunity to be heard.

## RELEVANT FACTS/TRAVEL

1. On May 31, 2006, Mr. Brown granted a mortgage (the "Mortgage") as security for a promissory note in the original principal balance of $414,400.00. (Doc. 16, ¶ 1).

2. U.S. Bank is the current holder of the Mortgage and claims to be the owner of the underlying promissory note. (Doc 16, ¶ 2).

3. On October 1, 2015, Mr. Brown defaulted under the term so the Mortgage when he failed to pay his monthly payments. (Doc. 16, ¶ 3).

4. On April 17, 2017, U.S. Bank caused to be mailed a notice of default (the "Default Notice") to Mr. Brown in strict compliance with the terms of the Mortgage. (Doc 16, ¶ 4).

5. The Default Notice advises that the Mortgage loan went into default in October 1, 2015 for nonpayment, and specifically provides that the Mortgage may be accelerated if the default is not cured by May 22, 2017. (*See* Doc. 14-1, ¶ 8; Ex. D).

6. On May 4, 2021, the Plaintiff filed the current Action to foreclose the Mortgage with the United States District Court for the District of Rhode Island.

7. On August 5, 2021, Rhode Island constable, Paul G. Hughes (#6063) ("Constable"), served a Summons and Complaint on Mr. Brown via personal service upon his spouse, Pamela Brown, at the Subject Property. (Doc. 6).

8. On August 26, 2022, this Court entered an order and judgment granting Plaintiff's Motion for Default Judgment and authorizing U.S. Bank to foreclose on the Subject Property, "pursuant to the conditions contained in Rhode Island General Laws § 34-27-4., *et seq.*" (Doc. 15, ¶ 2).

- 2 -

Pl's Opp'n to Pl's Mot. for TRO and Prelim. Inj.                                   21-CV-00198-JJM-PAS

9. A mere three days prior to entry of this judgment and order, Mr. Brown filed his First Divorce action, C.A. No. K20223811, and subsequently dismissed without any fact finding.

10. Mr. Brown and his spouse are still married, having voluntarily dismissed both Complaints for Divorce in an attempt to resolve marital differences. (Doc 18, ¶ 5 – 11; Def's Ex. A-B).

11. Although Mr. Brown claims that he has not resided in Rhode Island since 2012 and never received notice of this action from his spouse, he never notified U.S. Bank or its loan servicer of his change of address. (*See* Doc. 18-1 ¶¶ 2, 16).

12. In fact, Mr. Brown has always presented the Subject Property as his primary residence in his correspondence with U.S. Bank and its attorneys and on public records.

13. In a prior action filed in Kent Superior Court, C.A. No. KM-2018-1147, Mr. Brown was served by a Rhode Island constable, James F. Mallinson, at the Property on October 31, 2018.

14. Mr. Brown executed a Quitclaim Deed in January 27, 2023 granting the Subject Property to himself and his spouse, listing their addresses as the Subject Property. A true and accurate copy of the Quitclaim Deed is attached as **Exhibit A**.

15. Furthermore, Mr. Brown's sent correspondence on December 27, 2023 to U.S. Bank's counsel specifically requesting that the "all correspondence" be sent only to the Subject Property. A true and accurate copy of the correspondence is attached as **Exhibit B**.

16. Mr. Brown alleges that a complete loss mitigation package was submitted to the Plaintiff on or about January 8, 2024. (Doc 18, ¶ 25 – 27).

17. However, U.S. Bank declined the request for loss mitigation on or about January 24, 2024 due to ineligibility for any loan modification programs. A true and accurate copy of the Denial Letter is attached as **Exhibit C**.

18. U.S. Bank has informed undersigned counsel that Mr. Brown has been previously reviewed for and denied multiple times for a loan modification.

19. On December 19, 2023, U.S. Bank mailed notice of sale ("Notice of Sale") in compliance with this Court's August 2022 Order authorizing foreclosure sale of the Subject Property. A true and accurate copy of the Notice of Sale is attached hereto as **Exhibit D**.

20. The Notice of sale was sent by first class mail, postage prepaid and certified mail, return receipt requested, mailed though the undersigned firm's vendor, Walz.

21. A review of the United States Postal Service tracking indicates that the Notice of Sale has been delivered on December 26, 2023.

22. The local tax assessors' website ("Assessor's Database") does not evidence any alternative address in their most recent tax records. A true and accurate copy of the most recent tax records for the Subject Property pulled from the Assessor's Database is attached hereto as **Exhibit E**.

## STANDARD OF REVIEW

In deciding on a motion for preliminary injunction, the hearing justice must weigh the following factors: "whether the moving party (1) has a reasonable likelihood of success on the merits, (2) will suffer irreparable harm without the requested injunctive relief, (3) has the balance of equities, including the possible hardships to each party and to the public interest, tip in its favor, and (4) has shown that the issuance of a preliminary injunction will preserve the status quo."

- 4 -

Pl's Opp'n to Pl's Mot. for TRO and Prelim. Inj.                                                        21-CV-00198-JJM-PAS

(*Gianfrancesco v. A.R. Bilodeau, Inc.*, 112 A.3d 703, 708 (R.I. 2015) (internal quotations omitted)).

**ARGUMENT**

Mr. Brown has not established a reasonable likelihood of success on the merits because the service of process on his spouse at the Subject Property was proper under Fed. R. Civ. P. 4(e) and he has not raised any meritorious defenses to vacate the default. Rule 4 provides in relevant part that service in federal district court be made by "(1) following state law for serving a summons in an action brough in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; [or] (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]"

In *Plushner v. Mills*, 429 A.2d 444 (R.I. 1981), service was deemed complete under the R.I. Dist. Ct. R. Civ. P. 4(d)(1) when the summons and complaint was served on the defendant's daughter while staying temporarily at defendant's residence and left in charge of the house. *Id.* at 445. In *Plushner*, the daughter showed signs of actively refusing service when she "dropped them to the ground and kicked them toward the street[]" before picking them back up. *Id.* The *Plushner* Court ruled that "a substantial nexus existed between defendant and his daughter and it could properly be assumed that she would convey the process to him." *Id.* at 446.

In *U.S. v. Ayer*, 857 F.2d 881 (1st Cir. 1998), service was made on the defendant by mailing the summons and complaint to her last known residence at the Ritz Towers where it was received at the front desk and the certified mail receipt was presumably signed by the front desk clerk. *Id.* at 887. However, the defendant alleged in an affidavit that "her home was in Nantucket, not New York City, and said that she should have been served there." *Id.* at 884. Yet, subsequent evidence

- 5-

Pl's Opp'n to Pl's Mot. for TRO and Prelim. Inj.   21-CV-00198-JJM-PAS

revealed that the defendant had lived at the Ritz Towers since 1966. *See id.* at fn 8. The *Ayer* Court held that this was satisfactory service against the defendant because she "knew of the practice and apparently acquiesced in it." *Id.*

In *Nowell v. Nowell*, 384 F.2d 951 (5th Cir. 1967), service was sufficient where the defendant was served by delivering a copy of the summons and complaint on the resident manager of the apartment complex where the defendant resided. *Id.* at 952. "The only contact between the resident manager and the appellant prior to service was that the former received the latter's rent." *Id.* However, the *Norwell* Court deemed this sufficient service under Fed. R. Civ. P. 4(d)(1). *Id.* at 954.

Here, like *Plushner*, "a substantial nexus existed between [Mr. Brown] and his [spouse] and it could properly be assumed that she would convey the process to him." 429 A.2d at 446. No facts on the record suggest that the Constable was ever made aware of the couple's alleged separation or that Mr. Brown had moved out of state. *See* Doc. 6 & 18-1. Mr. Brown has routinely identified the Subject Property as his current address for receipt of loan documents and his current residence. *See Pl's Ex. A-C, E.* As recently as December 2023, Mr. Brown indicated that "all correspondence" be sent to the Subject Property. *Pl's Ex. B.* The fact that he may not have actually received notice of the summons and complaint is both unlikely and irrelevant due to the surrounding circumstances because his spouse was living at the residence and they have not divorced.

Neither does Mr. Brown meet his burden in proving that the Notice of Sale is defective. Mr. Brown does not have any personal knowledge of U.S. Bank's mailing process or its internal vendors. In fact, the U.S. Postal Service shows that the Notice of Sale was delivered. *See Pl's Ex D*. Rhode Island General Laws § 34-27-4 only requires that notice of sale be published in

accordance with Rhode Island General Laws § 34-11-22 and mailed to "the address of the real estate and, if different, at the mortgagor's address listed with the tax assessor's office of the city or town where the real estate is located or any other address mortgagor designates by written notice to mortgagee … at least thirty (30) days for individual consumer mortgagors." Nowhere in this Court's Order does it mandate a specific reference to the order in the publication or Notice of Sale. To the contrary, it requires that the order be recorded with the local land evidence records, which gives potential bidders constructive notice of these proceedings. Here, the Order and Judgment were recorded with the West Greenwich Land Evidence Records and published for three successive weeks in the Kent County Times, a newspaper in general circulation and required under Rhode Island General Laws § 34-11-22. Regardless, Mr. Brown's claims are not ripe because the sale has not taken place and U.S. Bank has yet to file a motion to certify these facts and approve the foreclosure sale before any successful bidder can record a deed.

**WHEREFORE,** the Plaintiff, U.S. Bank National Association As Legal Title Trustee For Truman 2016 SC6 Title Trust, requests that this Court deny Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and deny Plaintiff's Motion to Vacate the Default.

Respectfully submitted by,
DEFENDANTS,
By their Attorneys,

*/s/ Rowdy M. Cloud*
Rowdy M. Cloud, Esq. (#9383)
Brock and Scott, PLLC
23 Messenger Street, Second Floor
Plainville, MA 02762
Tel: (508) 379-4516
Email: rowdy.cloud@brockandscott.com

Dated: February 12, 2024

- 7 -

Pl's Opp'n to Pl's Mot. for TRO and Prelim. Inj.                                              21-CV-00198-JJM-PAS

## CERTIFICATE OF SERVICE

     I hereby certify that, on the 12th day of February, 2024, I caused a copy of the foregoing document to be filed via the Court's electronic filing system to John B. Ennis, Esq.

The document electronically filed is available for viewing on the U.S. District Court's Electronic Filing System.

                                   */s/ Rowdy M. Cloud*
                                   Rowdy M. Cloud, Esq. (#9383)

- 8-

Pl's Opp'n to Pl's Mot. for TRO and Prelim. Inj.                                      21-CV-00198-JJM-PAS