UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

U.S. BANK TRUST NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

    VS                21-CV-00198-JJM-PAS

ROBERT TED BROWN ET AL

MOTION TO COMPEL DISCLOSURE COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 7.1 AS AMENDED

      Defendant, Roberrt Ted Brown, by his attorney, moves this Court as follows:

1. This complaint was filed in this Court alleging diversity Jurisdiction.

2. Prior to the amendment of Rule 7.1, the previous version of Fed. R. Civ. Pro. 7.1 had the following requirements:

Rule 7.1. Disclosure Statement (a) WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file 2 copies of a disclosure statement that: (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or (2) states that there is no such corporation.
(b) TIME TO FILE; SUPPLEMENTAL FILING. A party must: (1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and (2) promptly file a supplemental statement if any required information changes.

3. Pursuant to this Rule as it existed when the case was filed, Plaintiff filed the attached corporate disclosure, which stated the following:

      Now comes the Plaintiff, U.S. Bank National Association, as Legal Title Trustee for Truman 2016-SC6 Title Trust and, pursuant to Fed. R. Civ. P. 7.1, states as follows:

1

1. U.S. Bank National Association, as Legal Title Trustee for Truman 2016-SC6 Title Trust is a national banking association incorporated under the law of the United States under the National Bank Act.

2. U.S. Bank, N.A. has a parent company that is publiclly traded, Roosevelt Management Company, LLC.

3. There is no publicly held company that owns more than 10% or more Roosevelt Management Company, LLC's stock.

4. However the amended version of Fed. R. Civ Pro. 7.1 has not been complied with by Plaintiff.

5. The amended version of Fed. R. Civ Pro.7.1 required this Plaintiff, an unincorporated Delaware Statutory Trust to make additional disclosures.

6. Fed. R. Civ. Pro. 7.1 states:

Rule 7.1. Disclosure Statement

**(a) WHO MUST FILE; CONTENTS.**

    **(1)** *Nongovernmental Corporations.* A nongovernmental corporate party or a nongovernmental corporation that seeks to intervene must file a statement that:

    **(A)** identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or

    **(B)** states that there is no such corporation.

    **(2)** *Parties or Intervenors in a Diversity Case.*

In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:

    **(A)** when the action is filed in or removed to federal court, and

    **(B)** when any later event occurs that could affect the court's jurisdiction under § 1332(a).

**(b) TIME TO FILE; SUPPLEMENTAL FILING.**

A party, intervenor, or proposed intervenor must:

    **(1)** file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and

    **(2)** promptly file a supplemental statement if any required information changes.

7.    Attached to this Motion is Exhibit A, which is a record from the State of Delaware, Division of Corporations, which indicates that the Plaintiff, Truman 2016 SC6 Title Trust is a Delaware Statutory Trust.

8.    Attached to this Motion is Exhibit B, which is a copy of the Trust Agreement of the Truman 2016 SC6 Title Trust, which is an unincorporated association.

9.    This trust agreement references a Participation Agreement and the powers of Participants in this Trust Agreement.

10.    The participants have certain power over the trustee.

11.    The definitions and the Trust Agreement contains terms which indicate that the Trustee does not possess the power to sue or be sued on behalf of the Trust.

12.    The <u>Beneficiary</u> is defined in the Preliminary Statement hereto and is the Depositor of the loans into this Trust.

14. <u>Participant</u>s are defined in the Participation Agreement.

15. The Participation Agent is U.S Bank, National Association as Trustee.

16. The <u>P</u>articipation <u>Agreement</u> is defined as:

That certain master participation agreement to be dated as of June 24, 2016, among the Legal Title Trustee for the Trust, the Depositor, the Program Manager, and the Participation Agent, as such may be amended by the parties thereto from time to time.

17. This agreement controls the terms of this Trust, not the Title Trustee.

18. The Trust Agreement specifically states that:

The purpose of the Trust is to hold, protect and preserve the Trust Fund for the benefit of the Beneficiary and the Participants and not to carrying on or transact business.

19. The Trust Agreement specifically states that:

The equity owner of the Trust shall be the owner or owners of any outstanding Participation interests.

20. The Trust contains the following definitions:

<u>Participation Interest</u>: As defined in the Participation Agreement.

<u>Participation Interest Account</u>: As defined in the Participation Agreement.

<u>Program Manager</u>: Truman Capital Advisors, LP, or any successor in interest.

21. The Trust Agreement specifically states that the Legal Title Trustee and the Program Manager shall enter into the Participation Agreement with U.S. Bank National Association, in its capacity as Participation Agent, pursuant to which a Participation Interest will be created in respect of each Mortgage Asset.

22. The Trust Agreement does not provide the Legal Title Trustee any authority to file suit or be sued on behalf of the Trust.

23. The Trust Agreement indicates that this Trust is an unincorporated legal entity.

24. Pursuant to the holding of the First Circuit in *BRT Management, LLC v. Malden Storage, LLC,* 68 F.4th 691 (First Cir., 2023), the Plaintiff has not complied with Fed. R. Civ. Pro. 7.1 and has not disclosed the identity of all the participants in the Participation Agreement in this purported trust.

25. BRT Management cited the Supreme Court case of Americold Realty Trust v. Conagra Foods, 136 S. Ct. 1012 (2016), in which the Supreme Court held that the citizenship of unincorporated associations are to be determined by their members:

> Despite our oft-repetition of the rule linking unincorporated entities with their "members," we have never expressly defined the term. But we have equated an association's members with its owners or "`the several persons composing such association.'" *Carden,* 494 U.S., at 196, 110 S.Ct. 1015 (quoting *Great Southern Fire Proof Hotel Co. v. Jones,* 177 U.S. 449,

456, 20 S.Ct. 690, 44 L.Ed. 842 (1900)). Applying this principle with reference to specific States' laws, we have identified the members of a joint-stock company as its shareholders, the members of a partnership as its partners, the members of a union as the workers affiliated with it, and so on. See *Carden,* 494 U.S., at 189-190, 110 S.Ct. 1015 (citing *Chapman,* 129 U.S., at 682, 9 S.Ct. 426; *Great Southern,* 177 U.S., at 457, 20 S.Ct. 690; and *Steelworkers v. R.H. Bouligny, Inc.,* 382 U.S. 145, 146, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965)).

26. In *BRT*, the First Circuit case remanded a case to the District Court to determine the citizenship of members of a LLC.

27. In this case, the participants of the Participation Agreement are the real parties in interest, similar to the shareholders or owners of Americold.

28. No disclosure has been made of these members, participants or owners designated in the Participation Agreement.

29. Without this disclosure this Court cannot determine whether there is actual diversity Jurisdiction to support this Court's jurisdiction.

Wherefore Defendant moves that this Court:

   a. Order the Plaintiff to file a Rule 7.1 disclosure consistent with the amended Rule 7.1.

   b. Order the Plaintiff to provide the Participation Agreement, referenced in the Trust Agreement with the names and states of residence of all Participants to the Participation Agreement, along with the names and addresses of any members of any unincorporated association which hold any membership interest in the Participation Agreement along

   with the names and addresses of any members of any unincorporated association which hold any membership interest of any holder of membership interests in each owner of any unincorporated association.

c. Order the Plaintiff to provide all documents filed with the State of Delaware by the Truman 2016 SC6 Title Trust.

d. Order the Plaintiff to provide the identity and states of residence of all members of the Beneficiary, Truman 2016 SC6, LLC along with the names and addresses of any members of any unincorporated association which hold any membership interest in Truman 2016SC6, LLC along with the names and addresses of any members of any unincorporated association which hold any membership interest of any holder of membership interests in each owner of any unincorporated association.

e. Order the Plaintiff to provide the identity and states of residence of all persons with any interest in the <u>Program Manager</u>: Truman Capital Advisors, LP, along with the names and addresses of any members of any unincorporated association which hold any membership interest in Truman Capital Advisors, LP along with the names and addresses of any members of any unincorporated association which hold any

membership interest of any holder of membership interests in each owner of any unincorporated association.

f. Order that Plaintiff provide documentation supporting any assertions of residence.

g. Order that these disclosures be filed within ten days.

h. Issue an Order to Show Cause that this matter will be dismissed for lack of Jurisdiction if the Plaintiff does not file such disclosure within ten days.

i. Authorize Defendant to conduct Jurisdictional Discovery regarding the issue of diversity.

j. Grant all other just and proper relief.

                                    ROBERT TED BROWN

                                    By his attorney

April 16, 2024                   /s/ John B. Ennis

                                    JOHN B. ENNIS, ESQ., #2135
                                    1200 Reservoir Avenue
                                    Cranston, Rhode Island 02920
                                    (401) 943-9230
                                    Jbelaw75@gmail.com

CERTIFICATION OF SERVICE

I certify that a copy of this Motion was served by electronic filing on April 16, 2024.

/s/ John B. Ennis

CERTIFIFICATE OF SERVICE

I certify that a copy of this Motion for a Temporary Restraining Order was served by electronic filing on all attorneys of record on February 11, 2024.

/s/ John B. Ennis

+

10