UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

U.S. BANK TRUST NATIONAL ASSOCIATION AS LEGAL TITLE
TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

     VS                    21-CV-00198-JJM-PAS

ROBERT TED BROWN ET AL

### ANSWER OF ROBERT TED BROWN

Parties

1. Denied

2. Denied

3. Admit

4. Admit

Jurisdiction

1. Denied

2. Denied

3. Denied

Facts

5. Admit

6. Admit that a Note was executed. Denied that Exhibit A is a true and accurate copy

7. Admit

1

8.    Denied

9.    Denied

10.   Denied

11.   Denied

12.   Admit that the note is in arrears. Denied as to the remainder

13.   Denied

14.   Denied

15.   Denied unless there is strict compliance with the terms of the

mortgage.

16.   Denied

17.   Admitted

18.   Defendant restates the answers previously asserted in paragraphs 1-

17.

19.   Denied

20.   Denied

21.   Denied

22.   Defendant restates the answers previously asserted in paragraphs 1-

21.

Plaintiff's complaint fails to state a claim upon which relief may be granted

AFFIRMATIVE DEFENSES

### First Affirmative Defense

This Court lacks diversity jurisdiction.

### Second Affirmative Defense

The Plaintiff has no interest in the note or the mortgage.

### Third Affirmative Defense

The original Note of Defendant has been  lost and cannot be enforced.

### Fourth Affirmative Defense

Defendant denies that this plaintiff has stated a cause of action for foreclosure because on the date this lawsuit was filed the Plaintiff was not the true owner of the claim sued upon; is not the real party in interest and is not shown to be authorized to bring this foreclosure action.

### Fifth Affirmative Defense

Plaintiff was not the real party in interest on the date this action was commenced and is not shown to be authorized to bring this action.

### Sixth Affirmative Defense

Plaintiff has charged and/or collected payments from Defendant for attorney fees, legal fees, foreclosure costs, late charges, property inspection fees, title search expenses, filing fees, broker price opinions, appraisal fees, and other charges and advances, and predatory lending fees and charges that are not authorized by or in conformity with the terms of the subject note and mortgage Plaintiff wrongfully added and continues to unilaterally add these illegal charges to the balance Plaintiff claims is due and owing under the subject note and mortgage.

3

### Seventh Affirmative Defense

The Note has never been transferred to the Plaintiff.

### Eighth  Affirmative Defense

There is no chain of title of the mortgage assigning it to the Plaintiff, by duly executed assignments of the mortgage and the note.

### Ninth Affirmative Defense

The Plaintiff comes to court with unclean hands and is prohibited by reason thereof from obtaining the equitable relief of foreclosure from this Court. The Plaintiff's unclean hands result from the Plaintiff's failure to strictly comply with the terms of the mortgage and note.
As a matter of equity, this Court should refuse to foreclose this mortgage because acceleration of the note would be inequitable, unjust, and the circumstances of this case render acceleration unconscionable.

### Tenth Affirmative Defense

Plaintiff did not accelerate the loan agreement, prior to the filing of this action.

### Eleventh Affirmative Defense

The Plaintiff did not strictly comply with the terms of the mortgage or note and did not mail a default letter strictly compliant with the note and mortgage.

### Twelfth Affirmative Defense

Plaintiff has failed to join an indispensable party, i.e. the holder in due course of the promissory note at the time this action was filed. The Plaintiff lacks standing to bring this suit because it has suffered no legally cognizable injury upon which relief can be granted.

### Thirteenth Affirmative Defense

Plaintiff has failed to provide the original promissory note and mortgage as   to file a foreclosure suit.

### Fourteenth Affirmative Defense

The Plaintiff's complaint was not verified with a person with any personal knowledge or information regarding the matters that she purported to assert.

Fifteenth Affirmative Defense

The Plaintiff has not strictly complied with the terms of the mortgage prior to filing this action.

### Sixteenth Affirmative Defense

The alleged assignments of mortgage were not duly executed pursuant to the provisions of R.I.G.L§ 34-11-24.

### Seventeenth Affirmative Defense

The Plaintiff has not alleged that it is that it is the holder of the note.

### Eighteenth Affirmative Defense

The Plaintiff charged foreclosure legal fees and costs, which are included in the purported default letter and which were not recoverable expenses because the mortgagor never received a default letter or acceleration letter, strictly compliant with the terms of the mortgage.

### Nineteenth Affirmative Defense

Plaintiff has not complied with FRCP 7.1 and has not provided the beneficiaries of Truman 2016 SC6 Title Trust

### Twentieth Affirmative Defense

The promissory note executed by the Defendant has not been endorsed and remains payable to New Century Mortgage Corporation. It was the policy of New Century Mortgage Corporation not to endorse notes on the back of any page.

### Twenty First Affirmative Defense

The purported initial assignment of mortgage from Mortgage Electronic Registration Systems, Inc. ("MERS") to Bank of America, N.A. dated December 2, 2011 is void. New Century Mortgage Corporation filed Bankruptcy on April 2, 2007 in case number 11-10461 in the United States Bankruptcy Court for the District of Delaware. On March 19, 2008, New Century Mortgage Corporation rejected is executory contract with Mortgage Electronic Registration Systems, Inc. A certified copy of this rejection of the MERS membership of New Century Mortgage Corporation is attached to this answer.

### Twenty Second Affirmative Defense

The purported assignment from MERS is also void because a on December 2, 2011, MERS did not own a mortgage to assign on its own behalf and could not assign the beneficial interest under the mortgage. This purported assignment also was void because MERS as nominee for New Century owned nothing to assign on December 2, 2011.All other assignments of mortgage were void because the original purported assignment was void.

Wherefore Defendant demands Judgment in his favor and for all other just

and proper relief, including attorney fees and costs.

November 29, 2024              /s/ John B. Ennis
                               JOHN B. ENNIS, ESQ., #2135
                               1200 Reservoir Avenue
                               Cranston, Rhode Island 02920
                               (401) 943-9230
                               Jbelaw75@gmail.com

Defendant demands a Trial by Jury

6

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of this Answer  to
all attorneys of record by electronic filing on December 29, 2024

/s/ John B. Ennis

8