UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

U.S. BANK TRUST NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

    VS                21-CV-00198-JJM-PAS

ROBERT TED BROWN ET AL

MOTION TO COMPEL MORE RESPONSIVE PRODUCTION OF DOCUMENTS

    Defendant, Roberrt Ted Brown, by his attorney, moves this Court as follows:

    1.    Defendant served Request for Production on Plaintiff.

    2.    More than thirty days has passed since the Request for Production was served on Plaintiff.

    3.    A copy of the Request for Production is attached to this Motion.

    4.    Plaintiff responded to the Request for Production on August 12, 2014, referenced as a Response to First Set of Interrogatories.

    5.    Plaintiff has objected to the following requests for production, namely 9, 10, 11, 12, 13, 15, 16, 18, 24, 27, 40, 41, 42, 43, , 44, 45, , 46, 59, 60, claiming vagueness and privilege based on confidentiality, proprietary information.

    6.    Plaintiff did not file a privilege log to support this claim of privilege.

1

7.  Plaintiff did not provide a response other than see Exhibit B, which was a copy of promissory note to the following Requests for Production: Numbers 2, 3, 4, 14, 17, 20, 2629, 30, 31, 32, 33, 34, 35, 36, 37, 42, 44 and 45. The reference to the copy of the mortgage note is not responsive to any of these requests for production.

8.  Defendant request number 1, copies of the servicing file and custodial file of the Defendant's loan and in number 29, the life of the loan transactional history for this loan on the contractual system used by any loan servicer from origination of the loan. Plaintiff's response for both is: Plaintiff references Exhibit A-1 for number 29 and for the portion of the servicing containing the life of the loan history. However there are significant gaps in this production from the origination of the loan which note and mortgage were executed to New Century Mortgage Corporation on May 31, 2006. No reference is made to the New Century Origination. Page RDP2 provided by Plaintiff references a Wachovia Mortgage commencing in January 2006 and ending on May 11, 2006, prior to the execution of the note and referencing another obligation, not this loan. This was a loan on another house in Georgia owned by the Defendant.

9.  The so-called transactional history contains no reference to

2

Countrywide Home Loans Servicing or BAC Home Loans Servicing, the servicers just prior to Bank of America which became servicer in July 2011. Bank of America (BOA) merged with BAC Home Loans Servicing, L.P. (BAC) in July 2011. BAC was formerly known as Countrywide Home Loans Servicing, L.P. In 2009, Countrywide changed its name to BAC Home Loans Servicing, L.P. In 2008, Bank of America purchased Countrywide Financial for $4.1 billion. The Texas Secretary of State issued a certificate of merger on June 28, 2011, which was effective July 1, 2011. The Comptroller of the Currency confirmed the merger in a letter dated July 5, 2011.

10. The records provided do not contain any life of the loan records of Countrywide or BAC Home Loans Servicing, but instead consist of an excel spreadsheet of Bank of America from August 1, 2006 even though Bank of America was not the loan servicer until July 1, 2011.

11. This response also did not include any response to loan transactional history from August 31, 2012 through August 3, 2016 or from December 30, 2016 to July 31, 2018.

12. These sizeable gaps in production of almost six years should be provided along with all Countrywide and BAC Home Loans original records.

3

13. Plaintiff refuses to produce the original promissory note even though to declare a party in default and to foreclose the current owner must be the holder of the note or the agent for the holder of the note as per *Bucci v Lehman Brothers*, 68 A.3d 1069 (2013), R.I.G.L. 34-11-22, 34-27-4, 6A-3-309 and *Note Capital Group v. Perretta. 207 A.3d 998 (2019)*. Thus the promissory note should be produced for inspection.

14. Plaintiff also refused to produce all documents in conjunction with this Plaintiff Trust, and claims without providing any evidence is a New York Trust, not a Delaware Trust as indicated in the documents provided by the Defendant in its Motion to Compel Compliance with Rule 7.1. However attached is the documentation from the Secretary of State of Delaware, which indicates that in 2021, contrary to the assertions of the Plaintiff in this case, that this Trust is a Delaware Statutory Trust. The 2016 Trust Agreement is attached to this Motion. As a result all documents relating to the Trust should be provided to determine whether there is actual diversity jurisdiction as set forth by the First Circuit in *BRT Management, LLC v. Malden Storage, LLC,* 68 F.4th 691 (First Cir., 2023). The Defendant should be entitled to discovery as to whether the Plaintiff has actually complied with Fed. R. Civ. Pro. 7.1. This jurisdictional discovery will

require the identity of all the participants in the Participation Agreement in this purported trust.

15.  *BRT Management* cited the Supreme Court case of *Americold Realty Trust v. Conagra Foods*, 136 S. Ct. 1012 (2016), in which the Supreme Court held that the citizenship of unincorporated associations are to be determined by their members.

16.  In Plaintiff's response to Request for Production numbers 11, 19, 21, 22, 23, 24, and 61, it "references Exhibit E". However Exhibit E consists of approximately 1815 pages. Defendant cannot determine which of these documents are applicable to each of the Requests for Production. Plaintiff should be compelled to identify which particular pages of Exhibit E apply to each Request for Production, instead of providing a document drop.

17.  A new loan servicer took over the servicing of this loan on March 1, 2024 and the production should be provided by Nationstar Mortgage LLC the current loan servicer and the new loan servicer Carrington Mortgage, without any suggestion that the servicing rights have been transferred.

18.  The Defendant seeks to determine the basis for any assertions by the loan servicer for the Plaintiff that the loan servicer has verified the records of the prior loan servicers and the manner in which it claims that the

5

records of any prior loan servicers were verified and somehow incorporated into the records of the current loan servicer. Such evidence is relevant in view of the First Circuit's holding in *US Bank Trust v. Jones 925 F. 3d 534, (1st Circuit, 2019)*. Defendant needs this discovery to prepare for any motions filed by the Plaintiff in view of *US Bank Trust.*

      19.    The Defendant has made a good faith effort to resolve this discovery dispute prior to filing this Motion.

Wherefore Defendant moves that Plaintiff be compelled to provide the documents requested within thirty days of an Order granting this Motion and to grant all other just and proper relief.

.

September 30, 2025                      ROBERT TED BROWN
                                                By his Attorney,

                                               /s/ John B. Ennis
                                               JOHN B. ENNIS, ESQ., #2135
                                               1200 Reservoir Avenue
                                               Cranston, Rhode Island 02920
                                               (401) 943-9230
                                               Jbelaw75@gmail.com

CERTIFICATION OF SERVICE

I certify that a copy of this Motion was served electronically on all attorneys of record through electronic filing on September 30, 2025.

/s/ John B. Ennis

CERTIFIFICATE OF SERVICE

I certify that a copy of this Motion for a Temporary Restraining Order was served by electronic filing on all attorneys of record on February 11, 2024.

/s/ John B. Ennis

+

Case 1:21-cv-00198-JJM-PAS   Document 34   Filed 09/30/25   Page 8 of 9 PageID #: 938

