UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br>        PLAINTIFFS,<br>v.<br><br>ROBERT TED BROWN; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND INTERNAL REVENUE SERVICE,<br><br>        DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)   **C.A. No. 21-CV-00198-JJM-PAS**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On May 31, 2006, Mr. Brown acquired title to the subject property located at 199 Hudson Pond Road, West Greenwich, Rhode Island by deed recorded with the West Greenwich Land Evidence Records in Book 318, Page 14. Lender Aff. at ¶ 4; Pl's Ex. A.

2. On May 31, 2006, Mr. Brown executed a promissory note made payable to New Century Mortgage Corporation in the original principal amount of $414,400.00. Lender Aff. at ¶ 5; Pl's Ex. B.

3. On this same date, Mr. Brown granted a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee mortgagee for New Century, its successors and assigns, as security for the Note and encumbering the Subject Property. Lender Aff. at ¶ 6; Pl's Ex. C.

4. The Mortgage specifically provides for "TRANSFER OF RIGHTS IN THE PROPERTY" as follows:

> This Security Instrument secures to Lender: (i) the repayment of the Loan; and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and

1

Statement of Undisputed Facts
US Bank v. Brown

21-cv-00198-JJM-PAS

assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property …

… Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Pl's Ex. C at 3.

5. The Mortgage contains specific provisions which allows the Lender to charge principal, interest, Escrow Items (as defined in Section 3 of the Mortgage), and Late Charges (defined under Section 6 of the Note). *Id.* at 4, ¶¶1-3.

6. The Mortgage also permits the Lender to apply "[a]ny amounts disbursed by Lender under this Section 9…" to the loan as "additional debt of Borrower secured by this Security Instrument." *Id.* at 8, ¶ 9.

7. Under Section 9, if:

…Borrower fails to perform the covenants and agreements contained in this Security Instrument… then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding…

*Id.* at 7, ¶ 9.

8. Section 14 of the Mortgage permits the Lender to "charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to attorneys' fees, property inspection and valuation fees." *Id.* at 10, ¶ 14.

9. The Mortgage contains further covenants defining the Lender's rights to foreclosure in Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

*Id.* at 13, ¶ 22.

10. Prior to March 12, 2007, New Century endorsed the back of the Note to Countrywide Bank, N.A., which was executed by Marlene K. White, as Assistant Manager of New Century. *See* Lender Aff. at ¶¶ 5, 7-8; Pl's Ex. B, D-E.

11. Thereafter the face of the Note was endorsed by Countrywide Bank, N.A. to Countrywide Home Loans, Inc., which was executed by Laurie Moder, as Senior Vice President of Countrywide Bank. *Id.*

Statement of Undisputed Facts
US Bank v. Brown

21-cv-00198-JJM-PAS

12. The Note was then endorsed by Countrywide Home Loans, Inc. payable to blank, which was executed on the face of the Note by Michele Sjolander, as Senior Vice Present of Countrywide Home Loans. *Id.*

13. On March 12, 2007, Countrywide Bank, N.A. changed its name to Countrywide Bank, FSB. Lender Aff. at ¶ 7, Pl's Ex. D.

14. On April 27, 2009, Countrywide merged and became a part of Bank of America, National Association, following the conditional approval by the Office of the Comptroller of the Currency. *See* Pl's Ex. D; Lender Aff. at ¶ 8.

15. On December 2, 2011, MERS assigned the Mortgage to Bank of America, National Association by recorded assignment of mortgage. Lender Aff. at ¶ 9; Pl's Ex. F.

16. On April 15, 2014, Bank of America assigned the Mortgage to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but as Trustee of ARLP Trust 3 by recorded assignment of mortgage. Lender Aff. at ¶ 10; Pl's Ex. G.

17. On March 20, 2015, Christiana Trust assigned the Mortgage to Wilmington Trust, National Association, not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-1 by recorded assignment. Lender Aff. at ¶ 11; Pl's Ex. H.

18. On October 1, 2015, Mr. Brown defaulted under the terms of the Note and Mortgage for nonpayment of the monthly installments. Lender Aff. at ¶ 12.

19. On April 17, 2017, the prior loan servicer mailed a notice of default ("Default Notice") addressed to the Subject Property, being the only address on record for Mr. Brown. Lender Aff. at ¶ 13; Pls' Ex. I.

20. The Default Notice advised Mr. Brown, in pertinent part, as follows:

> This letter is formal notice … that you are in default under the terms of the documents creating and securing your Loan … for failure to pay amounts due.

4

Statement of Undisputed Facts
US Bank v. Brown                                                      21-cv-00198-JJM-PAS

You have a right to cure your default. To cure the default, you must pay the full amount of the default on this loan by 05/22/2017 (or if said date falls on a Saturday, Sunday or legal holiday, then on the first business day thereafter). Failure to cure the default on or before this date may result in acceleration of the sums secured by the Security Instrument, foreclosure by judicial proceeding where applicable, and sale of the property.

As of the date of this notice, the total amount required to cure the default is $50,365.44, which consists of [thirteen past due payments of $2,506.34, six past due payments of $2,661.71, Late Charges totaling $473.25, and Corporate Advance Charges totaling $1,339.51].

…You have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

Pl's Ex. I.

21. On June 29, 2017, Wilmington Trust assigned the Mortgage to the Plaintiff by recorded assignment and Plaintiff also now holds the Note.[1] Lender Aff. at ¶¶ 5, 14; Pl's Ex. J.

22. On June 30, 2017, Plaintiff's prior counsel mailed a notice of acceleration, advising Mr. Brown of his rights under the Fair Debt Collection Practices Act (FDCPA) including:

Unless you, within thirty days after receipt of this notice, dispute the validity of the debt or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the thirty-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the thirty-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Lender Aff. at ¶ 15; Pl's Ex K.

23. The Subject Property is also encumbered by junior liens held by the Defendant-Lienholders, MERS and the Internal Revenue Service. Lender Aff. at ¶ 16.

---

[1] Around this time, an allonge was executed by the Plaintiff, payable to the order of blank, which was executed by Alejandro J. Lopez, Senior Vice President. *See* Pl's Ex. B.

5

Statement of Undisputed Facts
US Bank v. Brown                                                                 21-cv-00198-JJM-PAS

24. The October 2015 default has not been cured and the Mortgage has not been reinstated or redeemed by the Defendants. Lender Aff. at ¶ 17.

25. On May 4, 2021, Plaintiff filed this action for judicial foreclosure (Count I), pursuant to Rhode Island General Laws § 34-27-1, *et seq.*, and for declaratory judgment (Count II) authorizing the foreclosure sale of the Subject Property, consistent with the terms of the Mortgage and R.I. General Laws § 34-27-4.

26. At the time of filing, Plaintiff was a New York common law trust under the Second Amended and Restated Trust Agreement dated February 26, 2021. *See* ECF 22; ECF 27 (filed under seal).

27. On June 23, 2021, Plaintiff was converted to a Delaware statutory trust under the Third Amended and Restated Trust Agreement dated June 23, 2021. *See* ECF 28 (filed under seal).

28. On August 5, 2021, Plaintiff attempted to serve Mr. Brown at the Subject Property by Rhode Island Constable, Paul G. Hughes (#6063), which was accepted by his spouse, Pamela Brown, without any indication that Mr. Brown did not reside there at the time. *See* ECF 6.

29. On March 18, 2022, this Court entered default, pursuant to Fed. R. Civ. P. 55(a), against the all the Defendants for their failure to plead or otherwise respond to Plaintiff's complaint. ECF 13.

30. On August 26, 2022, this Court entered Default Judgment and an order authorizing foreclosure sale of the Subject Property. ECF 15-16.

31. On or about August 19, 2023, Plaintiff's counsel discovered a new possible address for Mr. Brown at 100 Placid Forest Court, Simpsonville, South Carolina. ECF 30-2 at ¶ 7.

6

Statement of Undisputed Facts
US Bank v. Brown

21-cv-00198-JJM-PAS

32. On December 19, 2023, Plaintiff's counsel mailed and published notices of sale as instructed in the Order for Default Judgment. *See id.* at ¶¶ 8-10.

33. On December 29, 2023, Mr. Brown sent an email under the domain rtbrown@cox.net which states:

> To whom it may concern:
> Please let this serve as my formal notice that the above referenced alleged debt is hereby disputed. Pursuant to your letter dated November 20, 2023, all collection will immediately stop until a resolution is reached. This also refers to the foreclosure that I believe your firm is handling. The dispute arises from the various amounts provided. The principal balance is showing $325,000.00. Amounts throughout this process have varied. I'm not sure what is the correct amount. I need a complete breakdown, plus the interest rate appears to have changed.
> Please direct ALL correspondence related to this matter to:
> Robert Ted Brown
> 199 Hudson Pond Rd
> West Greenwich, RI 02817
> Any other addresses previously used should be immediately removed from your records.
> If you have any questions please feel free to contact me at 401.644.4930, rtbrow@cox.net, or the physical address mentioned above. I am also in communication with Rushmore regarding a loan modification, as it is my desire to maintain the property for several more years.
> Sincerely,
> Robert Ted Brown

*Id.*, Ex. B.

34. On February 11, 2024, Mr. Brown filed a motion for temporary restraining order with assistance of counsel. ECF 18.

35. On February 13, 2024, this Court granted Mr. Brown's motion, after considering the issues raised in the motion and Plaintiff's opposition filed on February 12.

36. Since February 2024, monthly mortgage statements have been mailed to Mr. Brown's counsel of record. Lender Aff. at ¶ 18.

37. Prior to February 2024, monthly mortgage statements were mailed to the Property. *Id.*

Statement of Undisputed Facts
US Bank v. Brown                                                          21-cv-00198-JJM-PAS

38. Mr. Brown alleges that he has resided in Simpsonville, South Carolina since 2019, that he separated from his spouse in 2012, and filed for divorce in August 23, 2022 and December 22, 2022.[2] ECF 29-2, ¶¶ 1-4, 8.

39. However, Mr. Brown has never contacted Plaintiff's loan servicer indicating that he would like to change his mailing address. Lender Aff. at ¶ 19.

40. On June 9, 2025, the Court granted Mr. Brown's Motion to Vacate and further ordered that the Complaint is now deemed served on Mr. Brown as of this date.

41. On July 8, 2025, Mr. Brown filed his answer, generally denying many of the allegations in the Complaint and asserting 27th affirmative defenses,[3] which can be summarized into six broad claims:

(1) Plaintiff has no interest in the Note or Mortgage either because (a) the Note has been lost (Aff. Def 1-5, 10, 13-15), (b) the Note has not been endorsed in compliance with R.I. General Laws § 6A-3-204 (Aff. Def. 3, 7, 23), or the (c) first assignment from MERS is void because New Century filed the Notice of Rejection of Executory Contract in Bankruptcy Court for the District of Delaware, C.A. No. 07-10416, on March 19, 2008 (Aff. Def. 8, 17, 22);

(2)  The Plaintiff did not strictly comply with the terms of the Mortgage and Note has not been accelerated (Aff. Def. 11-12; 19);

(3) The Plaintiff's loan servicers have charged unauthorized fees, costs, or other charges (Aff. Def. 6, 9, 18);

---

[2] In both divorce actions, the cases were dismissed "in an attempt to resolve our marital differences[,]" though he claims that Mrs. Brown "never informed [Mr. Brown] that she had been served with a summons and complaint…" (ECF 29-2, ¶¶ 7, 11, 16)

[3] There is no Sixteenth Affirmative Defense. However, Plaintiff references the Affirmative Defenses by the numbers listed in the Answer for clarity.

Statement of Undisputed Facts
US Bank v. Brown                                                    21-cv-00198-JJM-PAS

(4) The Plaintiff violated the Mediation Statute, R.I.G.L. § 34-27-9 when it mailed notices of sale. (Aff. Def. 19).

(5) The Plaintiff violated the Truth in Lending Act (TILA), 15 USC § 1638(f), for failure to provide periodic mortgage statements (Aff. Def. 20-21);

(6) The Plaintiff violated the FDCPA by filing the Complaint (Aff. Def. 24, 27); and

(7) The Complaint does not name the Rhode Island Division of Taxation or the Town of West Greenwich (Aff. Def. 26).

42. No counterclaims have been raised by any of the parties.

> Respectfully submitted by,
> PLAINTIFF,
> By its attorneys,
>
> */s/ Rowdy M. Cloud*
> Rowdy M. Cloud, Esq. (#9383)
> Brock and Scott, PLLC
> 23 Messenger Street, Second Floor
> Plainville, MA 02762
> (508) 379-4516
> Rowdy.cloud@brockandscott.com

Date: December 1, 2025

Statement of Undisputed Facts
US Bank v. Brown

21-cv-00198-JJM-PAS