UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

U.S. BANK TRUST NATIONAL ASSOCIATION
AS LEGAL TITLE TRUSTEE
FOR TRUMAN 2016 SC6 TITLE TRUST


VS                                        21-CV-00198-JJM-PAS


ROBERT TED BROWN ET AL

MOTION TO COMPEL DISCLOSURE COMPLIANCE WITH FEDERAL
RULE OF CIVIL PROCEDURE 7.1 AS AMENDED

Defendant, Roberrt Ted Brown, by his attorney, moves this Court as

follows:

1. This  complaint was filed in this Court alleging diversity Jurisdiction.

2. Prior to the amendment of Rule 7.1, the previous version of Fed. R. Civ. Pro. 7.1

had the following requirements:

Rule 7.1. Disclosure Statement (a) WHO MUST FILE; CONTENTS. A
nongovernmental corporate party must file 2 copies of a disclosure statement that:
(1) identifies any parent corporation and any publicly held corporation owning
10% or more of its stock; or (2) states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING. A party must: (1) file the
disclosure statement with its first appearance, pleading, petition, motion, response,
or other request addressed to the court; and (2) promptly file a supplemental
statement if any required information changes.

3. Pursuant to this Rule as it existed when the case was filed, Plaintiff filed the

attached corporate disclosure, which stated the following:

Now comes the Plaintiff, U.S. Bank National Association, as Legal Title Trustee for Truman 2016-SC6 Title Trust and, pursuant to Fed. R. Civ. P. 7.1, states as follows:

1. U.S. Bank National Association, as Legal Title Trustee for Truman 2016-SC6 Title Trust is a national banking association incorporated under the law of the United States under the National Bank Act.

2. U.S. Bank, N.A. has a parent company that is publicly traded, Roosevelt Management Company, LLC.

3. There is no publicly held company that owns more than 10% or more Roosevelt Management Company, LLC's stock.

4.      Plaintiff filed an Amended FRCP 7.1 statement on April 24, 2024 in which

it did not comply with FRCP 7.1

5.      Rule 7.1 requires that whenever the corporate status of a party changes, a

Supplemental 7.1 disclosure form must be filed.

6. The amended version of Fed. R. Civ Pro.7.1 required this Plaintiff, an

unincorporated Delaware Statutory Trust to make additional disclosures.

7. Fed. R. Civ. Pro. 7.1 states:

Rule 7.1. Disclosure Statement

**(a) WHO MUST FILE; CONTENTS.**

**(1) *Nongovernmental Corporations.*** A nongovernmental corporate party or a nongovernmental corporation that seeks to intervene must file a statement that:

**(A)** identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or

**(B)** states that there is no such corporation.

**(2) *Parties or Intervenors in a Diversity Case.***

In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure

statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:

**(A)** when the action is filed in or removed to federal court, and

**(B)** when any later event occurs that could affect the court's jurisdiction under § 1332(a).

**(b) TIME TO FILE; SUPPLEMENTAL FILING.**

A party, intervenor, or proposed intervenor must:

**(1)** file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and

**(2)** promptly file a supplemental statement if any required information changes.

8. Attached to this Motion is Exhibit A, which is a record from the State of Delaware, Division of Corporations, which indicates that the Plaintiff, Truman 2016 SC6 Title Trust is a Delaware Statutory Trust effective

9. Attached to this Motion is Exhibit B, which is a copy of the Trust Agreement of the Truman 2016 SC6 Title Trust, which is an unincorporated association.

10. This trust agreement references a Participation Agreement and the powers of Participants in this Trust Agreement.

11. The participants have certain power over the trustee.

12. The definitions and the Trust Agreement contains terms which indicate that the Trustee does not possess the power to sue or be sued on behalf of the Trust.

13. The Beneficiary is defined in the Preliminary Statement hereto and is the Depositor of the loans into this Trust.

14. Participants are defined in the Participation Agreement.

15. The Participation Agent is U.S Bank, National Association as Trustee.

16. The Participation Agreement is defined as:

That certain master participation agreement to be dated as of June 24, 2016, among the Legal Title Trustee for the Trust, the Depositor, the Program Manager, and the Participation Agent, as such may be amended by the parties thereto from time to time.

17. This agreement controls the terms of this Trust, not the Title Trustee.

18. The Trust Agreement specifically states that:

The purpose of the Trust is to hold, protect and preserve the Trust Fund for the benefit of the Beneficiary and the Participants and not to carryin on or transact business.

19. The Trust Agreement specifically states that:

The equity owner of the Trust shall be the owner or owners of any

outstanding Participation interests.

20. The Trust contains the following definitions:

Participation Interest: As defined in the Participation Agreement.

Participation Interest Account: As defined in the Participation Agreement.

Program Manager: Truman Capital Advisors, LP, or any successor in interest.

21. The Trust Agreement specifically states that the Legal Title Trustee and the

Program Manager shall enter into the Participation Agreement with U.S. Bank

National Association, in its capacity as Participation Agent, pursuant to which a Participation Interest will be created in respect of each Mortgage Asset.

22. The Trust Agreement does not provide the Legal Title Trustee any authority to file suit or be sued on behalf of the Trust.

23. The Trust Agreement indicates that this Trust is an unincorporated legal entity.

24.     However

24.     Judge Sullivan in her text Order compelling production of documents specifically ordered Plaintiff to provide certain documents to establish diversity jurisdiction:

**with respect to Requests 15, 40, 41 and 60, Plaintiff shall produce documents sufficient to show the citizenship of Plaintiff for purposes of establishing diversity jurisdiction**

25. Plaintiff filed nonresponsive supplemental responses contrary to the Court Order.

26.     It did not provide any response which showed diversity as to Request 15, which sought Copies of an executed copy of the Trust Agreement for any securitized trust which has ever held Defendant's loan, including the Loan schedules.

27.     Its original response was an objection:

**Original Response:** *Plaintiff objects on the grounds that the request is vague as to which Trust Agreement Defendant is referencing. To the extent that Defendant is referring to the Second Amended and Restated Trust Agreement referenced in Plaintiff's Supplemental Rule 7.1 Corporate Disclosure Statement, Plaintiff objects on the grounds that the said document contains confidential and proprietary information.*

28.   Its updated response did not comply with the Court's Order:

**Updated Response:** Plaintiff supplements its response by producing a redacted copy of the Second Amended Trust Agreement (RPD002958 - 2996) and Loan Schedule (RPD003057 - 3135) where

this loan is listed on RPD003062 included in **Exhibit G.** These documents show that Plaintiff is a New York common law trust which "cannot sue or be sued, and suits must be brought by or against the trustee." *See US.  Bank Nat'! Assoc. v. 2150 Joshua's Path, LLC,* No. 13-cv-1598 (DLI), 2017 WL 4480869, at *3 (E.D.N.Y. Sept. 30, 2017) (quoting *Springer v. US. Bank, Nat'! Assoc.,* No. 15-cv-1107 (JGK), 2015 WL 9462083, at *2 n.l (S.D.N.Y. Dec 23, 2015). A "traditional" trust, however, "takes the citizenship of its trustee," rather than each of its individual beneficiaries. *See BRT Management LLC v. Malden Storage LLC,* 68 F.4th 691, 697 (1st Cir. 2023) *(citing GBForefront, L.P. v.*

*Forefront Mgmt. Grp., LLC,* 888 F.3d 29, 39 (3d Cir. 2018))."To determine whether a trust is traditional, courts have looked to whether it can sue and be sued, and the extent to which it is otherwise treated as a juridical person under state law." *Id. (citing Americold,* 577 U.S. at 382).

29.    This Trust is not a New York Trust, but instead is a Delaware statutory trust.

30.    Under Delaware law, a statutory trust is a separate legal entity. *See* 12 DEL. CODE ANN. §§ 3801(i), 3805. "A statutory trust may sue and be sued," and "may be sued for debts and other obligations or liabilities contracted or incurred by the trustees or other authorized persons." *Id.* § 3804(a). An owner of a beneficial interest in a statutory trust is "entitled to the same limitation of personal liability extended to stockholders of private corporations for profit." *Id.* §§ 3801(a), 3803(a). The Trust in this case  is not a "traditional trust" because Delaware confers juridical person status on the trust itself. *See Americold,* 577 U.S. at 383; 12 DEL. CODE ANN. §§ 3801(i), 3804(a), 3805.

31.    The same noncompliance occurred as to the other Requests for Production to obtain information regarding diversity jurisdiction.

32.    Request 40 and its supplemental response did not deviate from its original false response  that the Trust was a New York Common Law Trust when it was actually a Delaware Statutory Trust. The Plaintiff then objected on relevancy grounds despite the Court Order.

**Request No. 40:** The Participation Agreement referenced in the attached Trust Agreement.

**Original Response:** *Plaintiff objects on the grounds that the request is vague as to what Defendant is referencing by "[t}he Participation Agreement". To the extent that Defendant is referring to the Second Amended and Restated Trust Agreement referenced in Plaintiff's Supplemental Rule 7.1 Corporate Disclosure Statement, Plaintiff objects on the grounds that the said document and any document referenced in said Trust Agreement contains confidential and proprietary information.*

*The information contained in such documents is irrelevant to any claim or defense raised by the Defendant, because Plaintiff is a New York common law trust which "cannot sue or be sued, and suits must be brought by or against the trustee." See US.  Bank Nat'l Assoc. v. 2150 Joshua's Path, 12 Pl's Resp. to Def's Request for Prod. 1:21-cv-00198-JJM-PAS 23-18708 LLC, No. 13-cv-1598 (DLI), 2017 WL 4480869, at \*3 (SD.NY-' 2017) (quotingSpringerv. US.*

*Bank, Nat'lAssoc., No. 15-cv-1107 (JGK), 2015 WL 9462083, at \*2 n.l (SD.NY Dec 23, 2015).*

**Updated Response:** The Participation Agreement is not relevant to establish Plaintiffs citizenship for purposes of diversity jurisdiction. Plaintiff references the redacted Second Amended Trust Agreement (ECF No. 27) and the redacted Third Amended Trust Agreement (ECF No. 28).

33.       Request 41 and its supplemental response did not deviate from its original false response  that the Trust was a New York Common Law Trust when it was actually a Delaware Statutory Trust. The Plaintiff then objected on relevancy grounds despite the Court Order.


**Request No. 41:** An unredacted version of the Trust Agreement attached to this Request for Production.

**Original Response:** *Plaintiff objects on the grounds that the request is vague as to what Defendant is referencing by "[t}he Trust Agreement" and no document was attached to this Request for Production. To the extent that Defendant is referring to the Second Amended and Restated Trust Agreement  referenced in Plaintiff's Supplemental Rule 7.1 Corporate Disclosure Statement,*

*Plaintiff objects on the grounds that the said document and any document referenced in said Trust Agreement contains confidential and proprietary information.*

**Updated Response:** The redacted portions of the Second Amended Trust Agreement are not relevant to Plaintiff's citizenship for purposes of diversity jurisdiction.

34.         Request 60 and its supplemental response did not deviate from its original false response  that the Trust was a New York Common Law Trust when it was actually a Delaware Statutory Trust. The Plaintiff then objected on relevancy grounds despite the Court Order.

**Request No. 60:** All documents indicating the names and resident addresses and domicile addresses of all members of Roosevelt Management Company, LLC.

**Original Response:** *Plaintiff objects on the grounds that the documents requested contain confidential, personally identifiable information. Furthermore, the information contained in such documents is irrelevant to any claim or defense raised by the Defendant, because Plaintiff is a New York common law trust which "cannot sue or be sued, and suits must be brought by or against the trustee." See US  Bank Nat'! Assoc. v. 2150 Joshua's Path, LLC, No. 13-cv-1598 (DLI), 2017*

*WL 4480869, at \*3 (SD.NY_! 2017) (quotingSpringerv. US Bank, Nat'!Assoc., No. 15-cv-1107 (JGK), 2015 WL 9462083, at \*2 n.1 (SD.NY Dec 23, 2015).*

**Updated Response:** Plaintiff is a New York common law trust which "cannot sue or be sued, and suits must be brought by or against the trustee." *See US Bank Nat'! Assoc. v. 2150 Joshua's Path, LLC,* No. 13-cv-1598 (DLI), 2017 WL 4480869, at \*3 (E.D.N.Y. Sept. 30, 2017) (quoting *Springer*

*v. US Bank, Nat'! Assoc.,* No. 15-cv-1107 (JGK), 2015 WL 9462083, at \*2 n.1 (S.D.N.Y. Dec 23, 2015).

35.    Plaintiff has repeatedly falsely stated that this Trust is a New York Common Law Trust. However. Exhibit C, attached to this Motion,  is a Delaware Secretary of State Certified copy of a  Certificate of Conversion of this Trust  to a Delaware Statutory Trust dated June 23, 2021. This conversion occurred fifty days after the complaint was filed and prior to the purported service on the Defendant, Robert Ted Brown, who was not domiciled in Rhode Island, when the purported service was made in August.  2021.

36.    Because a Delaware Statutory Trust is typically treated as an unincorporated association for diversity purposes (per *Americold Realty Trust v. Conagra Foods*), the following disclosure rules apply:

Mandatory Identification: Plaintiff must in the Rule 7.1 disclosure disclose the names and citizenships of every beneficial owner (member) of the trust.

Chain of Ownership: If any member of the trust is itself an unincorporated entity (like an LLC or another trust), Plaintiff must "trace up" the chain and identify the members of that entity as well, until it reaches only individuals or corporations.

37.    The Plaintiff has provided redacted documents whenever there is any reference to the powers of the original trustee.

38.    The initial Trust Agreement referenced a Participation Agreement which impacted the powers of the Trustee and indicated that US Bank was trustee, Participation Agent and Custodian and that the Program Manager and beneficiaries also possessed powers which diminished the powers of the Trustee. Nowhere in Exhibit B is the Trustee provided the power to file suit on behalf of the Trust or beneficiaries.

39.    As a result pursuant to *Americold,* diversity can only be determined by the citizenship of the beneficiaries of this Delaware statutory trust.

40. Pursuant to the holding of the First Circuit in *BRT Management, LLC v. Malden Storage, LLC,* 68 F.4th 691 (First Cir., 2023), the Plaintiff has not

complied with Fed. R. Civ. Pro. 7.1 and has not disclosed the identity of all the

participants in the Participation Agreement in this purported trust.

41. *BRT Management* cited the Supreme Court case of *Americold Realty Trust v. Conagra Foods,* 136 S. Ct. 1012 (2016), in which the Supreme Court held that the citizenship of unincorporated associations are to be determined by their members.

42. In this case, the participants of the Participation Agreement are the real parties in interest, similar to the shareholders or owners of Americold.

43. No disclosure has been made of these members, participants or owners designated in the Participation Agreement, despite an Order of this Court.

44. Without this disclosure this Court cannot determine whether there is actual diversity Jurisdiction to support this Court's jurisdiction.

Wherefore Defendant moves that this Court:

1.      Order the Plaintiff to file a Rule 7.1 disclosure consistent with the amended Rule 7.1.

2.      Order the Plaintiff to provide the Participation Agreement, referenced in the Trust Agreement with the names and states of residence of all Participants to the Participation Agreement, along with the names and addresses of any members of any unincorporated association which hold any membership interest in the Participation Agreement along the names and addresses of any members of any unincorporated association which hold any membership interest of any holder of membership interests in each owner of any unincorporated association.

3.      Order the Plaintiff to provide the identity and states of residence of all members of the Beneficiary, Truman 2016 SC6, LLC along with the names and

addresses of any members of any unincorporated association which hold any membership interest in Truman 2016SC6, LLC along with the names and addresses of any members of any unincorporated association which hold any membership interest of any holder of membership interests in each owner of any unincorporated association.

4.      Order the Plaintiff to provide the identity and states of residence of all persons with any interest in the Program Manager: Truman Capital Advisors, LP, along with the names and addresses of any members of any unincorporated association which hold any membership interest in Truman Capital Advisors, LP along with the names and addresses of any members of any unincorporated association which hold any interest of any holder of membership interests in each owner of any unincorporated association.

5.      Order that Plaintiff provide documentation supporting any assertions of residence.

6.      Order that these disclosures be filed within ten days.

7.      Issue an Order to Show Cause that this matter will be dismissed for lack of Jurisdiction if the Plaintiff does not file such disclosure within ten day

8.      Stay the Summary Judgment hearing in this case and any deadlines therein until this information is provided

9.      Grant all other just and proper relief.


ROBERT TED BROWN
By his attorney

 /s/ John B. Ennis                                    March 3, 2026
JOHN B. ENNIS, ESQ., #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

                          Certificate of Service

I certify that a copy of this Motion was served by electronic filing on all attorneys of record on March 3, 2026.

/s/ John B. Ennis