UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>PLAINTIFF,<br>v.<br><br>ROBERT TED BROWN; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND INTERNAL REVEUNE SERVICE,<br><br>DEFENDANT. | C.A. No. 21-CV-00198-JJM-PAS |

**PLAINTIFF'S OBJECTION TO DEFENDANT, ROBERT TED BROWN'S, MOTION TO COMPEL DISCLOSURE COMPLIANCE**

The Plaintiff, U.S. Bank National Association as legal title trustee for Truman 2016 SC6 Title Trust, objects to the Defendant, Robert Ted Brown's, Motion to Compel Disclosure Compliance with Federal Rule of Civil Procedure 7.1 as amended because, just as Plaintiff disclosed in its supplemental filings, Plaintiff was a New York Common Law Trust at the initiation of filing the complaint for purposes of establishing diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Likewise, Plaintiff complied with the Court's October 22, 2025 Order compelling more responsive production to Defendant's previous motion to compel, which was granted without a oral argument.

While the Defendant insists that Plaintiff's change to a Delaware Statutory Trust on June 23, 2021 requires further disclosure of the names and citizenship of each beneficial owner or member of the trust, his arguments entirely overlooked the holding in *Freeport-McMoran, Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991). In *Freeport*, the U.S. Supreme Court held that subject

matter jurisdiction may not be divested by subsequent events if diversity jurisdiction existed at the time the action was filed. *See id.* at 428. The reasoning for its decision was that "[a] contrary rule could well have the effect of deterring normal business transactions during the pendency of what might be lengthy litigation." *Id.* at 428-29. Even under the First Circuit Court of Appeals narrow application, the Plaintiff's change from a New York common law trust to a Delaware statutory trust would be inconsequential for purposes of establishing diversity jurisdiction. *See Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP*, 362 F.3d 136, 140 (1stCir. 2004) (limiting the application of *Freeport* and "its precedential force to the precincts patrolled by Rule 25 [of the Federal Rules of Civil Procedure].")

Plaintiff has properly disclosed that at the time of filing the complaint on May 4, 2021 that it was a New York common law trust. *See* ECF 27 – Second Amended and Restated Trust Agreement dated as of February 26, 2021. Fifty days later, on June 23, 2021, the Plaintiff became a Delaware Statutory Trust, but this did not affect the diversity jurisdiction of the Court. *See Freeport*, 498 U.S. at 428; ECF 28 – Third Amended and Restated Agreement dated June 23, 2021. Therefore, for purposes of citizenship, the Second Amended Trust Agreement is the controlling document.

Unlike a Delaware Statutory Trust, a New York common law trust is one that "cannot sue or be sued, and suits must be brought by or against the trustee." *See U.S. Bank Nat'l Assoc. v. 2150 Joshua's Path, LLC*, No. 13-cv-1598 (DLI), 2017 WL 4480869, at *3 (E.D.N.Y. Sept. 30, 2017) (quoting *Springer v. U.S. Bank, Nat'l Assoc.*, No. 15-cv-1107 (JGK), 2015 WL 9462083, at *2 n.1 (S.D.N.Y. Dec 23, 2015). A "traditional" trust, however, "takes the citizenship of its trustee," rather than each of its individual beneficiaries. *See BRT Management LLC v. Malden Storage LLC*, 68 F.4th 691, 697 (1st Cir. 2023) (citing *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d

2

29, 39 (3d Cir. 2018))."To determine whether a trust is traditional, courts have looked to whether it can sue and be sued, and the extent to which it is otherwise treated as a juridical person under state law." *Id.* (*citing Americold*, 577 U.S. at 382).

Here, the Declaration of Trust makes clear that the intent is to create a common law trust and not a "business trust" within the meaning of either Chapter of the New York General Associations Law nor the meaning of the United States Bankruptcy Code, 11 U.S.C. § 101. *See* ECF 27, § 2.01(a). The Trust is expressly governed by New York state law. *See id.* at § 9.04. The Depositor conveyed all interest in the Mortgage Assets, including this loan, to the Legal Title Trustee, U.S. Bank, N.A. *See id.*, § 2.01(d). The Legal Title Trustee is enshrined with the final say "to take any action hereunder or under any Basic Document if the Legal Title Trustee shall have reasonably determined, or shall have been advised by counsel, that such action is likely to result in liability on the part of the Legal Title Trustee or is contrary to the terms hereof or of any Basic Document or is otherwise contrary to law. *See id.*, § 4.02(b). This clearly implies that the Trustee is the only entity to which suit may be brought, and within the nature of a common law trust. *See Joshua's Path, LLC*, 2017 WL 4480869, at *3. Therefore, the Defendant's motion to compel should be denied because both the Supplemental Rule 7.1 Disclosure and the More Responsive Answers indicate that U.S. Bank, N.A. is the legal title trustee for the New York common law trust.

      Respectfully submitted by,
      **U.S. Bank, National Association, as legal title trustee for Truman 2016-SC6 Title Trust,**
      By its attorneys,

      */s/ Rowdy M. Cloud*
      Rowdy M. Cloud, Esq. (# 9383)
      BROCK AND SCOTT, PLLC

|  |  |
|---|---|
| Dated: March 3, 2026 | 23 Messenger Street, Second Floor<br>Plainville, MA 02726<br>Tel: (508) 379-4516<br>rowdy.cloud@brockandscott.com |

## CERTIFICATE OF SERVICE

I, Rowdy M. Cloud, hereby certify that on this 3rd day of March 2026, I caused a copy of the foregoing document to be filed and served via the ECF system on the parties registered to receive electronic service in this matter.

The document is available for viewing and/or downloading from the ECF system.

*/s/ Rowdy M. Cloud*
Rowdy M. Cloud, Esq. (#9383)