UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | : | |
| AS LEGAL TITLE TRUSTEE FOR | : | |
| TRUMAN 2016-SC6 TITLE TRUST, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | C.A. No. 21-198JJM |
| | : | |
| ROBERT TED BROWN, et al., | : | |
|     Defendants. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court, and referred to me for determination, is the motion (ECF No. 42) of Defendant Robert Ted Brown to compel compliance by Plaintiff – U.S. Bank National Association ("U.S. Bank") as Legal Title Trustee for Truman 2016-SC6 Title Trust ("Trust") – with the requirements of Fed. R. Civ. P. 7.1, as amended effective December 1, 2022.  Based on extensive briefing and a hearing, the Court denies the motion for the reasons that follow.

## I.    <u>Background</u>

Invoking the Court's diversity jurisdiction, this judicial foreclosure action was filed on May 4, 2021, by U.S. Bank.[1]  The complaint alleges that U.S. Bank is a "national banking association" with its main office in Minnesota.  ECF No. 1 ¶ 1.  U.S. Bank brought suit in its capacity as "Legal Title Trustee" for the Trust; as Legal Title Trustee, it is the holder of the mortgage at issue in this matter.  <u>Id.</u>  at 1, ¶¶ 11, 22.  As further developed in the record, on the day this case was filed, the Trust was a New York common law trust pursuant to a Second

---

[1] The complaint also named as Defendants the Internal Revenue Service and Mortgage Electronic Registration Systems, Inc., both of which have been defaulted by judgment entered on August 26, 2022.  Because neither is pertinent to the motion in issue, this memorandum and order omits them from this already complicated background narrative.

Amended and Restated Trust Agreement of February 26, 2021 (the "New York Trust Agreement"); in the New York Trust Agreement, U.S. Bank is identified as the "Legal Title Trustee." ECF No. 27 at 1.[2] To establish diversity with Mr. Brown, but pled on information and belief, the complaint identified Mr. Brown's domicile as Rhode Island and alleged that his residence was the property that is the subject of the foreclosure. ECF No. 1 ¶ 2.

On the same day that it filed the case, U.S. Bank also filed its disclosure statement in compliance with the then-applicable version of Fed. R. Civ. P. 7.1. The Committee Notes of that version of the Rule reflect that the purpose of the Rule was to provide information to support "properly informed [judicial] disqualification decisions" related to the financial interest standard of the Code of Conduct for United States Judges. Fed. R. Civ. P. 7.1 advisory committee's notes to 2002 amendment. Consistent with this purpose and the Rule, in its disclosure, U.S. Bank advised that it is a national banking association with a publicly traded parent entity and that no publicly held company owned 10% or more of its stock. ECF No. 2. Mr. Brown has raised no issues regarding the adequacy of *this* disclosure.

On June 23, 2021, after this case was filed but before the complaint was served, the Trust changed from a New York common law trust to a Delaware Statutory Trust. ECF No. 42-2 at 2. This change was made pursuant to a Third Amended and Restated Trust Agreement dated June 23, 2021 (the "Delaware Trust Agreement"). ECF No. 28.

With the suit filed, U.S. Bank filed its return of service as to Mr. Brown on August 18, 2021, indicating that service had been made by delivery to "Pamela Brown" at Mr. Brown's alleged residence on August 5, 2021. ECF No. 6. A year later, on August 26, 2022, judgment based on default entered in favor of U.S. Bank against Mr. Brown. ECF No. 16. Almost two

---

[2] The Trust in issue was filed under seal at ECF No. 27.

years later, in February 2024, counsel entered for Mr. Brown and sought to enjoin a scheduled foreclosure sale of the property.  ECF Nos. 17, 18.  In his filing, Mr. Brown disclosed that the person served in 2021 was his wife, who was served in hand at the residence where she and Mr. Brown had lived.  ECF No. 18 at 1-2.  However, Mr. Brown represented that they had separated (though never divorced) in 2012,[3] and that Mr. Brown had not resided at their former joint residence in Rhode Island since 2012.  Id. at 1-5.  He alleged (and presented evidence) that he had been living first in Georgia and more recently in South Carolina.  Id.  Based on this change of address, which apparently had not been disclosed to the holder of the mortgage, Mr. Brown claimed he had not received actual notice of the filing of this case at the time of service on his wife.  Id.

Meanwhile, on December 1, 2022, Fed. R. Civ. P. 7.1 had been amended.  The new version adds a requirement for additional disclosure applicable to cases resting on diversity jurisdiction.  See Fed. R. Civ. P. 7.1 advisory committee's notes to 2022 amendment.  In such circumstances, the new version of the Rule requires that "a party" must disclose the name and state of citizenship of "every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2).  This disclosure statement must be filed at the time of the filing of the action, as well as when any event occurs that could affect diversity jurisdiction.  Fed. R. Civ. P. 7.1(a)(2)(A)-(B).  A party must file a supplemental statement if the required information changes.  Fed. R. Civ. P. 7.1(b)(2).  Regarding its applicability to pending cases like this one, the amendment order provides, "[t]he foregoing amendment . . . shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending."  April

---

[3] Mr. Brown apparently first initiated divorce proceedings in August 2022.  ECF No. 18 at 2.

11, 2022, United States Supreme Court Order,

https://www.supremecourt.gov/orders/courtorders/frcv22_b8dg.pdf.

On April 16, 2024, noting the intervening amendment to Fed. R. Civ. P. 7.1 and the

change in the Trust from a New York common law trust to a Delaware Statutory Trust, Mr.

Brown moved to compel U.S. Bank to file a supplemental disclosure statement to comply with

the new portion of Fed. R. Civ. P. 7.1.  ECF No. 21.  In response, U.S. Bank filed the disclosure

now in issue.  It states:

> For the purpose of diversity jurisdiction, as of the time of filing this complaint on
> May 4, 2021, the parties['] citizenship was, upon information and belief, as
> follows:
>
> 1.    Truman 2016 SC6 Title Trust was a New York Common Law Trust,
>        pursuant to a Second Amended and Restated Trust Agreement (the "Trust
>        Agreement") dated as of February 26, 2021.
>
> 2.    U.S. Bank National Association is appointed as Legal Title Trustee to the
>        Trust Fund.
>
> 3.    U.S. Bank National Association is an incorporated national banking
>        association with a principal place of business located at 1133 Rankin
>        Street, Suite 100, St. Paul, Minnesota 55116.
>
> 4.    The Defendant, Robert Ted Brown, is an individual, who at the time of
>        filing, had a last known residence of 199 Hudson Pond Road, West
>        Greenwich, RI 02817.

ECF No. 22 at 1.  Based on this filing, the Court denied the motion to compel Fed. R. Civ. P. 7.1

compliance as moot.  Text Order of May 1, 2024.

On May 14, 2025, Mr. Brown moved to vacate the default judgment and the clerk's entry

of default.  ECF No. 29.  He argued alternatively that the action should be dismissed based on

the long delay in service and/or the lack of proper service.  ECF No. 29-1 at 11-12.  The Court

rejected the argument for dismissal and did not dismiss the case.  Instead, it left May 4, 2021, as

4

the operative filing date, vacated the default and ruled that Mr. Brown was deemed served on June 9, 2025.  Text Order of June 9, 2025.

Dissatisfied with U.S. Bank's supplemental Fed. R. Civ. P. 7.1 disclosure, Mr. Brown filed his second motion to compel compliance with Fed. R. Civ. P. 7.1, this time docketed as an "emergency."  ECF No. 42.  Mr. Brown argued initially that the supplemental disclosure wrongly focused on U.S. Bank's diversity status as Trustee of a New York common law trust, which the Trust was on the date of the filing of the complaint (May 4, 2021), and not on its changed status by reason of its June 23, 2021, conversion to a Delaware Statutory Trust.  Id. at 2-15.  On reply, Mr. Brown pivoted to argue that the New York Trust Agreement is illusory and a sham so that U.S. Bank's citizenship as Legal Title Trustee is not determinative.[4]  See ECF No. 49-1/52 (sealed).  U.S. Bank counters that its Fed. R. Civ. P. 7.1 compliance is correct because, as a matter of law, diversity is based on its status as of the date this case was filed.  ECF No. 45 at 2.  Further, under settled New York law, it is the trustee – U.S. Bank – whose citizenship controls when suit is brought on behalf of a New York common law trust, which is what the New York Trust Agreement created.  Id. at 2-3.  Therefore, U.S. Bank contends, for purposes of the diversity requirement of Fed. R. Civ. P. 7.1, it should not be required to supplement with a disclosure either of the detailed information Mr. Brown seeks about the New York Trust Agreement or any information about the citizenship of the Delaware Statutory Trust.  Id.

## II.    **Standard of Review**

If the parties in a case have failed properly to make the Fed. R. Civ. P. 7.1 disclosure necessary for the determination of diversity jurisdiction, the court may order them to do so.  See,

---

[4] The Court has considered this argument despite it being presented for the first time on reply.  See Wills v. Brown University, 184 F.3d 20, 27 (1st Cir. 1999) (reply briefs should not offer new theories of error for the first time).

e.g., 1700 Universe, LLC v. Seneca Ins. Co., Inc., Civil Action No. 3:24-CV-560-DPJ-ASH, 2024 WL 4862985, at *1-2 (S.D. Miss. Nov. 21, 2024) (in diversity case, court orders party that is limited liability company to file Fed. R. Civ. P. 7.1 statement disclosing names and citizenship of every member); Villamil v. Fayrustin, 730 F. Supp. 3d 328, 340-42 (W.D. Tex. 2024) (in diversity case, court orders parties to disclose Fed. R. Civ. P. 7.1(a)(2) facts needed to determine citizenship, which will vary depending on type of entity and capacity in which party is litigating case); Driver Opportunity Partners I, LP v. Ameriserv Fin., Inc., Civil No. 3:22-cv-00237-SLH, 2023 WL 4711158, at *2-4 (W.D. Pa. July 24, 2023) (in diversity case, court orders Fed. R. Civ. P. 7.1 statement disclosing name and citizenship of each limited partner of partnership).  When a party is a trust, one court ordered the filing of a supplemental Fed. R. Civ. P. 7.1 disclosure to identify the nature of the trust and, if it is a business trust, to name each member and their citizenship, but if it is an ordinary trust, to name and identify the citizenship of the trustee.  Carr v. IF&P Holding Co., LLC, Civil Action No. 22-480, 2024 WL 2207487, at *5 (E.D. La. May 16, 2024) (for purposes of diversity jurisdiction, ordinary trust's citizenship is determined by citizenship of trustee, while citizenship of business trust is based on citizenship of its members), adopted, 2024 WL 3385184 (E.D. La. June 5, 2024); see BRT Mgmt. LLC v. Malden Storage LLC, 68 F.4th 691, 697 (1st Cir. 2023) (citizenship depends on nature of trust).

The Court may issue an order requiring Fed. R. Civ. P. 7.1 disclosure *sua sponte*.  1700 Universe, LLC, 2024 WL 4862985, at *1.  The "corporate disclosure statement [required by Rule 7.1] is not a discovery device."  Lath v. BMS CAT, Civil No. 16-cv-534-LM, 2018 WL 3468700, at *2 (D.N.H. July 17, 2018) (internal quotation marks omitted).  If the party challenging the Fed. R. Civ. P. 7.1 disclosure has supplied the court with no reason to conclude that the disclosure is inaccurate, no relief should be ordered.  See Lath, 2018 WL 3468700, at *3.

**III.** **Applicable Law and Analysis**

A. Date as of Which Diversity is Determined

It has long been settled by the Supreme Court that diversity jurisdiction attaches as of the filing of the complaint and may not be divested by subsequent events. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428-29 (1991) (per curiam). As our Circuit has clarified, while other post-filing events (such as a complaint amendment that adds a new non-diverse defendant) may impact jurisdiction, changes to a party, such as death or a post-filing transfer of interest pursuant to Fed. R. Civ. P. 25, does not divest the district court of diversity jurisdiction. Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 140 (1st Cir. 2004). Thus, "the jurisdiction of the court depends upon the state of things at the time of the action brought." In re Olympic Mills Corp., 477 F.3d 1, 7 (1st Cir. 2007) (internal quotation marks omitted); see BRT Mgmt. LLC, 68 F.4th at 694 n.6 ("for purposes of establishing subject matter jurisdiction, the relevant citizenship is the parties' (and their members') citizenship on January 3, 2017, when the district court complaint was initially filed"); Rosado v. Adorno-Delgado, Civ. No. 22-01182 (MAJ), 2024 WL 531278, at *3 (D.P.R. Feb. 8, 2024) ("diversity jurisdiction is determined at the time of the filing of the Complaint and once established, a subsequent change in domicile will not defeat the existence of diversity") (internal quotation marks omitted).

Mr. Brown's motion argued vociferously that diversity is a rolling concept and that the diversity disclosure pursuant to Fed. R. Civ. P. 7.1 must be refreshed with every change in citizenship. On reply and during the hearing, however, Mr. Brown conceded that, as of the date of filing, the Trust was a New York common law trust and shifted his argument to focus on his factual challenge to U.S. Bank's status as its Legal Title Trustee. Further, Mr. Brown has cited nothing to support his contention that the post-filing change to a Delaware Statutory Trust alters

7

the diversity analysis to focus on this Delaware entity under Delaware law.  Guided by Freeport-McMoRan, Inc. and Am. Fiber & Finishing, Inc., and focused on the Court's refusal to dismiss this case despite the problems with service, the Court finds that the appropriate date for testing diversity jurisdiction in this case is May 4, 2021, the date the matter was filed.  Accordingly, the Court's finds no deficiency in U.S. Bank's Fed. R. Civ. P. 7.1 diversity disclosure's focus on that filing date as the point for which the required citizenship information is disclosed.

B.      Citizenship of Trust as of Filing of Complaint

For purposes of determining diversity citizenship, a traditional common law trust under New York law takes the citizenship of its trustee.  CFSP 2024-AHP1 81-83 Seaman Ave. LLC v. 81 Seaman Realty LLC, No. 25-cv-4113 (RA), 2025 WL 2606687, at *2 (S.D.N.Y. Sept. 9, 2025) (commercial mortgage-backed security trust organized under New York law is traditional or common law trust, whose citizenship is controlled by citizenship of trustee); ML-CFC 2007-6 Puerto Rico Props., LLC v. BPP Retail Props., LLC, Civil No. 17-1199 (PAD) (MEL), 2017 WL 9732563, at *8 (D.P.R. Dec. 13, 2017) (for traditional New York common law trust, it is citizenship of trustee – U.S. Bank – that is relevant for diversity jurisdiction purposes), adopted, 2018 WL 1508555 (D.P.R. Mar. 27, 2018).  This is because New York law specifies that, for such a common law trust, it is the trustee, and not the trust, that is the person empowered to sue or be sued.  Anh Nguyet Tran v. Bank of N.Y., No. 13 Civ. 580 (RPP), 2014 WL 1225575, at *1 n.4 (S.D.N.Y. Mar. 24, 2014) ("[U]nder New York law, a trust is not a person that can sue or be sued."), aff'd, 610 F. App'x 82 (2d Cir. 2015).  This principle is well illustrated by cases involving other New York common law trusts of which U.S. Bank was trustee.  U.S. Bank Nat'l Ass'n v. 2150 Joshua's Path, LLC, No. 13-cv-1598 (DLI) (SIL), 2017 WL 4480869, at *3 (E.D.N.Y. Sept. 30, 2017) (trust for which U.S. Bank serves as trustee is New York common law

8

trust based on which only trustee's citizenship is relevant to this diversity analysis); Springer v. U.S. Bank Nat'l Ass'n, 15-cv-1107 (JOK), 2015 WL 9462083, at *2 n.1 (S.D.N.Y. Dec. 23, 2015) (under New York law, trustee, not trust, is empowered to sue or be sued), appeal dismissed, No. 16-298 (2d Cir. Apr. 6, 2016).

The Supreme Court endorsed this treatment of a traditional trust in Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 464-66 (1980), holding that the trustee is a real party to the controversy for purposes of diversity jurisdiction "when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." Navarro emphasizes that the only question is whether there is an "express trust" and whether the trustee holds the assets in its own name and has real and substantial power to control them. Id. at 462, 464-66. Whether the trust may depart from conventional forms in other respects or whether it resembles a business enterprise has no bearing upon the citizenship determination. Id. at 461-62; see U.S. Bank NA, Trustee to Bank of Am., NA v. Taslis, Civil Action No. 22-11853-MPK, 2025 WL 2453813, at *8 (D. Mass. Feb. 25, 2025) (when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes). As the Court noted in Navarro, "[f]or more than 150 years, the law has permitted trustees who meet this standard to sue in their own right, without regard to the citizenship of the trust beneficiaries. We find no reason to forsake that principle today." 446 U.S. at 465-66.

In contrast to such a traditional or common law trust, many states have also created statutory categories of entities that are labeled as "trusts," but which constitute discrete legal entities that are empowered by the operative state law to sue in their own names. Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 382-83 (2016). Thus, in Americold, the Supreme Court examined a "real estate investment trust," created pursuant to a Maryland statute,

9

which provides that such a "trust" is really an entity owned by "shareholders." Id.  The Court

held that such a statutory entity's citizenship depends on the citizenship of its members (the

shareholders), and not the citizenship of the trustee.  Id. at 381 ("with reference to specific

States' laws, we have identified the members of a joint-stock company as its shareholders, the

members of a partnership as its partners, the members of a union as the workers affiliated with it,

and so on").  This is similar to the way that other non-corporate legal entities that are not

corporations are treated for purposes of diversity citizenship.  E.g., BRT Mgmt. LLC, 68 F.4th at

696 (statutory "LLC . . . takes the citizenship of all of its members").

Mr. Brown contends that, in connection with its consideration of his Fed. R. Civ. P. 7.1

motion, the Court should parse the New York Trust Agreement and order discovery regarding

every entity and agreement referenced in it, including discovery regarding the depositor, the

beneficiary, the program manager, the participants, the participation agreement, the servicing

agreements, the custodial agreements and many others.  Mr. Brown also argues that the Court

should untangle how the Internal Revenue Code taxed the Trust and each of the entities involved

with it as bearing on its status for purposes of determining diversity jurisdiction.  In support of

this argument, Mr. Brown notes that Sections 4.01-4.06 of the New York Trust Agreement place

certain limits on the power of U.S. Bank as the Legal Title Trustee in that the "Participation

Agent" or the "Program Manager" "may" direct the Legal Title Trustee to perform certain duties

(although, as U.S. Bank points out, the Legal Title Trustee is not "required to take any action"),

as well as that U.S. Bank may be replaced as Legal Title Trustee. ECF No. 27 at 17, 19.  Mr.

Brown also notes that the New York Trust Agreement does not include an inventory of the

powers of the Legal Title Trustee and therefore does not expressly confer the power to sue.  Mr.

Brown argues that all of this is enough to raise a question regarding whether U.S. Bank as Legal

Title Trustee truly is vested with the "real and substantial" powers essential for its citizenship to control diversity pursuant to Navarro.  Mr. Brown asks the Court to perform a detailed analysis of all of the relevant documents (including those related to taxation) to find that the conveyance of the mortgage assets to U.S. Bank as Legal Title Trustee is illusory, a sham and invalid.  Citing GE Oil & Gas, LLC v. Waguespack, 523 F. Supp. 3d 926, 936-37 (W.D. La. 2021), he contends that, if the Court finds that the Trust is illusory and a sham, it should order that the Fed. R. Civ. P. 7.1 disclosure statement should be supplemented to name and identify the citizenship of every person and entity that constitutes a "participant" or a "beneficiary" as those terms are used in the New York Trust Agreement.

In considering Mr. Brown's request for extensive discovery, the Court is mindful that the "corporate disclosure statement [required by Rule 7.1] is not a discovery device." Lath, 2018 WL 3468700, at *2 (internal quotation marks omitted).  Further, even in a context where discovery is appropriate (such as a motion to dismiss for lack of subject matter jurisdiction), the kind of discovery Mr. Brown is seeking has been denied.  U.S. Bank NA, Trustee to Bank of Am., NA, 2025 WL 2453813, at *10 (in determining motion to dismiss for lack of subject matter jurisdiction, court declines to order U.S. Bank as trustee to proffer evidence of trust member or certificate holder citizenship).  Importantly, in U.S. Bank NA, Trustee to Bank of Am., NA, even though the Court was addressing its subject matter jurisdiction (and not a motion to compel a Fed. R. Civ. P. 7.1 disclosure), it required only that U.S. Bank proffer support for the allegation that the trustee has "customary powers to hold, manage, and dispose of assets for the benefit of others" which the court found was satisfied by production of the Policy and Servicing Agreement.  See id. (internal quotation marks omitted); U.S. Bank NA, Trustee to the Bank of

11

Am., NA v. Taslis, 779 F. Supp. 3d 71 (D. Mass. 2025) (analyzing U.S. Bank's proffer of Policy and Servicing Agreement, finding it sufficient and denying motion to dismiss).

Although the pending motion addresses only Fed. R. Civ. P. 7.1 compliance and not a motion to dismiss based on subject matter jurisdiction, consistent with Navarro and U.S. Bank NA, Trustee to Bank of Am., NA, the Court has received and carefully reviewed the New York Trust Agreement.  Based on the review, the Court finds that it specifies that U.S. Bank is the "Legal Title Trustee" of the Trust created by the instrument and that the Trust expressly is not a "business trust" under New York law.  ECF No. 27 at 1, 12.  The Court further finds that Section 2.01 of the New York Trust Agreement creates the Trust, conveys "without recourse" the mortgage assets (and related property) to the Legal Title Trustee to hold, and empowers the Legal Title Trustee to "exercise all of the rights of the Depositor under such agreements and instruments [with respect to the Mortgage Assets]."  ECF No. 27 at 12-13.  Confirming that it is U.S. Bank as Legal Title Trustee that is empowered to sue or be sued in its own name, Section 6.01(b) of the New York Trust Agreement limits the power of the beneficiary to sue, specifying that it is the Legal Title Trustee that institutes suits and actions in its own name "as Legal Title Trustee hereunder."  ECF No. 27 at 26.  Thus, like the trust in Navarro, the New York Trust Agreement vests U.S. Bank with legal title to the assets, the power to manage them and to bring and control this litigation.  See Navarro, 446 U.S. at 464-66.  As such, for purposes of Mr. Brown's Fed. R. Civ. P. 7.1 challenge, the Court finds that the disclosure is sufficient because this Trust's citizenship is derived from that of its Legal Title Trustee.  See Navarro, 446 U.S. at 465-66.

GE Oil & Gas, LLC – the case to which Mr. Brown has directed the Court – does not alter this conclusion because it involves unique facts that make it distinguishable from this case.

12

GE Oil & Gas, LLC was brought as part of an effort to enforce a substantial judgment that the claimant had obtained *inter alia* against an individual, Michael Moreno.  523 F. Supp. 3d at 929-30.  The complaint in issue was seeking to pierce the veil of eleven trusts funded by Moreno for himself, his wife and his children (the "Morenos") allegedly to hide assets from the claimant.  Id. The pleading named as defendants each trust and the trustee of each trust, but not the Morenos. Id.  Although "the trust documents . . . would normally indicate the Trustees are the real parties to the controversy, because those documents grant the foregoing 'customary powers' [to hold, manage, and dispose of assets] to the Trustees," id. at 934, because each trust itself was a named party (in addition to the trustees) and because the core allegation was that each trust was a fraud and each trustee had no power, the court held that it would effectively pierce the veil to look to the settlors and beneficiaries (the Morenos) to determine citizenship for purposes of diversity jurisdiction.  Id. at 934-37.  The court also found that the Morenos were indispensable parties. Id. at 937-39.  Because the Morenos were not diverse, the case was dismissed.  Id. at 936-40.  In the matter before the Court, only the Trustee, and not the Trust, is joined and there are no allegations in the complaint or answer that the Trust was created to perpetuate a fraud to hide assets from a creditor; therefore, GE Oil & Gas, LLC is not useful precedent for this case.

**IV.    Conclusion**

Based on the foregoing, to comply with Fed. R. Civ. P. 7.1, the Court finds that U.S. Bank was required to disclose the nature of the Trust on May 4, 2021, and, based on its status as a New York common law trust, to disclose its own identity and citizenship information as Legal Title Trustee, guided by the Supreme Court's holding that the citizenship of a national banking association is derived from the location of its main office.  Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2026).  That is precisely what U.S. Bank has done.  Thus, U.S. Bank's supplemental

Fed. R. Civ. P. 7.1 disclosure statement aligns with the requirements of the amended version of Fed. R. Civ. P. 7.1 and applicable law with respect to diversity in that it states the nature of the Trust ("New York Common Law Trust") as of May 4, 2021, the date of filing; it names U.S. Bank as the "Legal Title Trustee"; and it identifies U.S. Bank as a national banking association with Minnesota as its principal place of business, which settled Supreme Court precedent establishes is the basis for citizenship of a national banking association.  Accordingly, U.S. Bank's Fed. R. Civ. P. 7.1 supplemental disclosure statement is sufficient for the Court to determine whether there is diversity with respect to the citizenship of the named Plaintiff in this case and Defendant's Motion to Compel Compliance with Fed. R. Civ. P. 7.1 (ECF No. 42) is denied.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 21, 2026

14