**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, | ) ) ) ) |
| PLAINTIFF, | ) ) |
| v. | ) ) C.A. No. 21-CV-00198-JJM-PAS |
| ROBERT TED BROWN; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND INTERNAL REVEUNE SERVICE, | ) ) ) ) ) |
| DEFENDANT. | ) ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTION TO THE**
**MEMORANDUM AND ORDER OF MAGISTRATE JUDGE SULLIVAN**

The Plaintiff, U.S. Bank National Association as legal title trustee for Truman 2016 SC6 Title Trust, hereby responds to the Objection(s)[1] filed by Defendant, Robert Ted Brown, to Magistrate Judge Sullivan's Memorandum and Order denying Mr. Brown's Motion to Compel pursuant to Fed. R. Civ. P. 7.1 (ECF 42). Mr. Brown's motion only addresses Plaintiff's compliance with Fed. R. Civ. Pro. 7.1 and therefore limits the motion to compel to documents provided in response to discovery requests establishing diversity jurisdiction.

The Magistrate Judge did not err in denying Defendant's Motion to Compel because the relevant Trust document clearly establishes that Plaintiff was a New York common law trust as of the date of filing the complaint, and therefore only U.S. Bank has power to sue or be sued. The Magistrate Judge's Order also correctly pierces through Mr. Brown's convoluted arguments

---

[1] Mr. Brown first filed this objection as a "RESPONSE In Support to [35] OBJECTION TO MAGISTRATE JUDGE DECISION to District Court re Order on Motion to Compel…" before filing an objection to the recent Order (ECF 56). The Objection to the Text Order dated October 22, 2025 was overruled by the Chief Judge's Order entered on December 1, 2025.

concerning Participation Agreements and related entities referenced in the Trust Agreement; correctly pointing out that the "corporate disclosure statement [required by Rule 7.1] is not a discovery device[,]" and has been deemed irrelevant for purposes of establishing subject matter jurisdiction. *See* ECF 56 at 11 (quoting *Lath v. BMS CAT*, C.A. No. 16-cv-534-LM, 2018 WL 3468700, at *2 (D.N.H. July 17, 2018)). The Order correctly analyzes Plaintiff's citizenship based on black letter law that diversity is established at the filing of the complaint, absent post-filing events that may impact jurisdiction and does not take into account transfers of interest pursuant to Fed. R. Civ. P. 25. *See* ECF 56 at 7-8.

1. **THE MAGISTRATE JUDGE DID NOT ERR IN FINDING THAT DIVERSITY OF CITIZENSHIP IS ESTABLISHED IN THIS CASE AT THE TIME OF FILING THE COMPLAINT.**

The Magistrate Judge first addresses the issue of when diversity jurisdiction should be analyzed given the conflicting points made in Mr. Brown's Motion to Compel. The decision correctly applies *Freeport-McMoran, Inc. v. KN Energy, Inc.*, 498 U.S. 426 (1991) (per curiam) and the First Circuit Court of Appeals analysis applying the black letter law, generally, the parties' citizenship is determined when the complaint is initially filed. *See* ECF 56 at 7. At the hearing, the Magistrate Judge questioned Defendant's counsel on the issue of diversity:

> THE COURT: …[T]he documents seemed to me to speak as a New York trust and – so if the filing of the complaint is the operative date for jurisdictional purposes, then the – either the 2016 or the February '21 [Trust Agreement] is the operative document … for purposes of diversity jurisdiction, so that's really where the Court's analysis needs to focus on whether the 7.1 disclosure that was made … is adequate as to that status if that's the right date.

2

So I think it really matters, when does jurisdiction become – spring into existence or not? And I think it's the filing of the complaint and a subsequent service relates back, but do you have any law on that topic, Mr. Ennis?

MR. ENNIS: No, no, your Honor. I'm assuming it [is] at the filing. However – unless there's a change in parties, obviously…

THE COURT: So let's just pause because this is big. I'm going to forget about Delaware and focus on New York.

If what you're telling me is that the plaintiff – or the defendant agrees that the Court acquires diversity jurisdiction as of the filing of the complaint and that whatever was the legal status of the plaintiff at that moment is what we are focused on for purposes of Rule 7.1 obligations with regard to diversity jurisdiction. Yes?

MR. ENNIS: Not necessarily relying solely on the legal status, but merely the power of the trustee at the time the complaint was filed.

THE COURT: .... I think your argument suggests that the power of the trustee to sue and be sued comes up in two ways. One is that I think you're arguing that New York law says that the characterization of the trust based on which the trustee's citizenship is controlling includes whether it is a trust with the power to sue and be sued so that it's a diversity jurisdiction issue as opposed to what is not before me, that is, a motion to dismiss based on the lack of capacity of the plaintiff to bring the suit. That's not an issue before me right now. The only issue is the adequacy of the 7.1 disclosure which is basically supposed to do two things. In a diversity case, it's supposed to tell you what is the basis for a citizenship and it's supposed to provide the court with enough information for the judge to test whether the judge has a conflict with the parties.

Pl's Response to Def's Objection                                        1:21-cv-00198-JJM-PAS
23-18708

…Mr. Ennis, I thought I heard you say that we can simplify this diversity issue because you do not dispute that diversity attaches or not at the filing of the complaint and that the operative document as of the filing of the complaint purports to be a New York trust. Is that true?

MR. ENNIS: Well, with the proviso about whether or not the – based upon the *Navarro Savings Association vs. Lee* case, that holds so long as for the trustee's – for the trustee's domicile to be dispositive for diversity jurisdiction is only when the trustee possesses certain customary powers to hold, manage and dispose of assets for the benefit of others.

…

THE COURT: …You've got a lot of arguments about why diversity jurisdiction is not properly based on [the Participation Agreement], … we leave all that aside… [W]e're dealing with something that purports to be under New York law, yes?

MR. ENNIS: Yes. Another problem – the main problem –

THE COURT: Mr. Ennis, hang on. I want to get this nailed down.

Mr. Cloud, does the plaintiff agree that the operative instrument creating diversity jurisdiction at the intitation of this case is February 26, 2021?

MR. CLOUD: That's correct…

Transcript (ECF 63-2), at 9:1-11:17; 12:21-13:13.

Despite his concession at the March 31, 2026 hearing, Mr. Brown's counsel continues to claim, without any legal basis, that Plaintiff "switched the trust character to a Delaware Statutory Trust (DST), [and] it can no longer claim New York statutory powers apply to the entity's fundamental governance." *See* ECF 63 at 6-7. Neither has Mr. Brown ever pointed to an event in the case that would require a re-analysis of diversity, instead focusing on conclusory depictions of

4

the February 2021 Trust Agreement as "a textbook 'sham' configuration used to deceptively manufacture diversity jurisdiction." *See* ECF 63 at 7. These colorful descriptions do not have any bearing on the Court's diversity analysis in this case, nor should they.

As accurately described in the Magistrate Judge's memorandum, "the appropriate date for testing diversity jurisdiction in this case is May 4, 2021, the date the matter was filed." *See* ECF 56 at 8. While initial service on Mr. Brown in August 18, 2021 was later deemed to be ineffective due to representations by Mr. Brown, this Court declined to dismiss the action and "[i]nstead left May 4, 2021, as the operative filing date, vacated the default and ruled that Mr. Brown was deemed served on June 9, 2025." *See* ECF 56 at 4-5 (citing Text Order of June 9, 2025).

**2. THE MAGISTRATE JUDGE DID NOT ERR IN FINDING THAT PLAINTIFF IS A COMMON LAW TRUST UNDER NEW YORK LAW FOR THE PURPOSE OF DETERMINING DIVERSITY OF CITIZENSHIP.**

The Magistrate Judge then correctly analyzes New York law in deciding that the Second Amended Trust Agreement dated May 4, 2021, ECF 27 filed under seal, is a traditional or common law trust, which empowers only the Trustee to sue and be sued. The Court carefully reviewed the provisions in the New York Trust Agreement finding that the instrument conforms with New York common law trusts, and therefore operates as a traditional trust when analyzed under *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980) and *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378 (2016).

U.S. Bank is defined in the operative Trust Agreement as "Legal Title Trustee" and the Trust is expressly not a "business trust" under New York Law. ECF 56 at 12 (*citing* ECF 27 at 1, 12). Section 2.01 of the Trust Agreement "conveys 'without recourse' the mortgage assets (and related property) to the Legal Title Trustee to hold, and empowers the Legal Title Trustee to 'exercise all fo the rights of the Depositor under such agreements and instruments [with respect to

the Mortgage Assets].'" *Id.* (*citing* ECF 27 at 12-13). Section 6.01(b) of the Trust Agreement explicitly "limits the power of the beneficiary to sue, specifying that it is the Legal Title Trustee that institutes suits and actions in its own name 'as Legal Title Trustee hereunder.'" *Id.* (*citing* ECF 27 at 26. These specific provisions clearly identify the Trust as a New York common law trust, irrespective of its commercial mortgage-backed security purpose. *See* ECF 56 at 8 (*citing CFSP 2024-AHP1 81-83 Seaman Ave. LLC v. 81 Seaman Realty LLC*, No. 25-cv-4113(RA), 2025 WL 2606687, at *2 (S.D.N.Y. Sept. 9, 2025); ML-CFC 2007-6 Puerto Rico Props., LLC v. BPP Retail Props., LLC, No. 17-1199 (PAD) (MEL), 2017 WL 9732563, at *8 (D.P.R. Dec. 13, 2017), *adopted* 2018 WL 1508555 (D.P.R. Mar. 27, 2018)). Indeed, the issue of diversity has been raised in many cases involving U.S. Bank as trustee to a New York common law trust, which the Magistrate Judge analyzed in reaching this conclusion. *See* ECF 56 at 8-9 (*citing U.S. Bank Nat'l Ass'n v. 2150 Joshua's Path, LLC*, No. 13-cv-1598 (DLI (SIL), 2017 WL 4480869, at *3 (E.D.N.Y. Sept. 30, 2017); *Springer v. U.S. Bank Nat'l Ass'n*, 15-cv-1107 (JOK), 2015 WL 9462083, at *2 n.1 (S.D.N.Y. Dec 23, 2015), *appeal dismissed*, No. 16-298 (2nd Cir. Apr. 6, 2016)).

Mr. Brown's assertion that Participation Agreement or some other undisclosed document(s) somehow divests the Trustee of its power to sue or be sued is without any factual basis. The Magistrate Judge addresses each of Mr. Brown's arguments, finding them to be insufficient to establish a need to further amend the Rule 7.1 Disclosure Statement. *See* ECF 56 at 10-11. Mr. Brown points to Sections 4.01-4.06 of the Trust Agreement in his claim that these provisions restricts the Trustee's power to sue. *See* ECF 63 at 17-19. The Magistrate Judge correctly noted that although these provisions place certain limits on the power of the U.S. Bank, the Trustee is not "required to take any action". *See* ECF 56 at 10. Unable to locate any supporting

Pl's Response to Def's Objection                                    1:21-cv-00198-JJM-PAS
23-18708

evidence in the Trust Agreement, Mr. Brown seeks the disclosure of all related documents, including those related to taxation, to pursue his own illusory goal of finding that the Trust conveyance is a sham and invalid. However, the Magistrate Judge wisely declined to undertake this invasive, fact-finding operation because "even in a context where discovery is appropriate (such as a motion to dismiss for lack of subject matter jurisdiction), the kind of discovery Mr. Brown is seeking has been denied." ECF 56 at 11 (*citing U.S. Bank NA, Tr. to Bank of Am., NA v. Taslis*, No. 22-11853-MPK, 2025 WL 2453813, at *10 (D.Mass. Feb. 25, 2025)).

Having found that the Trust Agreement meets the definition of a common law or traditional trust, the Magistrate Judge correctly applies the holdings in *Navarro* and *Americold*. Just as in *Navarro*, the Trust Agreement, here, provides "certain customary powers to hold, manage, and dispose of assets for the benefit of others." *See* ECF 56 at 9 (*citing* 446 U.S. at 464-66). The Trust Agreement's divergence from "conventional forms in other respects or whether it resembles a business enterprise has no bearing upon the citizenship determination." *See id.* (*citing Navarro*, 446 U.S. at 461-62). Therefore, this Court should affirm the Magistrate Judge's Memorandum and Order because the New York Trust Agreement satisfies Plaintiff's compliance with Fed. R. Civ. P. 7.1 and grant such additional relief as this Court deems just and proper.

Respectfully submitted by,
PLAINTIFF,
**U.S. Bank, National Association, as legal title trustee for Truman 2016-SC6 Title Trust,**
By its attorneys,

*/s/ Rowdy M. Cloud*_____
Rowdy M. Cloud, Esq. (# 9383)
BROCK AND SCOTT, PLLC
23 Messenger Street, Second Floor
Plainville, MA 02726
Tel: (508) 379-4516
Dated: June 16, 2026              rowdy.cloud@brockandscott.com

7

Pl's Response to Def's Objection                              1:21-cv-00198-JJM-PAS
23-18708

## CERTIFICATE OF SERVICE

   I, Rowdy M. Cloud, hereby certify that on this 16th day of June 2026, I caused a copy of the foregoing document to be filed and served via the ECF system on the parties registered to receive electronic service in this matter.

   The document is available for viewing and/or downloading from the ECF system.

            */s/ Rowdy M. Cloud*_____
            Rowdy M. Cloud, Esq. (#9383)

Pl's Response to Def's Objection              1:21-cv-00198-JJM-PAS
23-18708