# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016-SC6 TITLE TRUST, <br>     Plaintiff, <br><br> v. <br><br> ROBERT TED BROWN, <br>     Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 21-CV-198-JJM-PAS |

## ORDER

This is an action by U.S. Bank National Association, as Legal Title Trustee For Truman 2016-Sc6 Title Trust ("U.S. Bank") to foreclose a mortgage given by Defendant Robert Ted Brown, encumbering property in West Greenwich, Rhode Island. U.S. Bank alleges that the mortgage loan is in default and seeks an order allowing it to foreclose its mortgage by following the procedures in the statutory power of sale. ECF No. 1 at 1.

The issue currently before the Court is Mr. Brown's Objection (ECF No. 63) to the Magistrate Judge's Order (ECF No. 56) denying Mr. Brown's Motion to Compel further disclosure by U.S. Bank under an amended Fed. R. Civ. P. 7.1. The standard for the District Court's review of this discovery order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."); 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any

pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

The Magistrate Judge ruled that diversity is based on the parties' status as of the date the case was filed—here May 4, 2021. Consistent with Fed. R. Civ. P. 7.1 as it existed on that date, U.S. Bank disclosed that "it is a national banking association with a publicly traded parent entity and that no publicly held company owned 10% or more of its stock." ECF No. 2. After the case was filed, the Trust changed from a New York common law trust to a Delaware Statutory Trust. ECF No. 42-2 at 2. This change was made under a Third Amended and Restated Trust Agreement dated June 23, 2021. ECF No. 28. Further, the Magistrate Judge found "under settled New York law, it is the trustee – U.S. Bank – whose citizenship controls when suit is brought on behalf of a New Yok common law trust, which is what the New York Trust Agreement created." ECF No. 56 at 5, 8.

Mr. Brown argues that "the Court should parse the New York Trust Agreement and order discovery regarding every entity and agreement referenced in it, including discovery regarding the depositor, the beneficiary, the program manager, the participants, the participation agreement, the servicing agreements, the custodial agreements and many others." *Id.* at 10. The Magistrate Judge, however, concluded that the Trust Agreement:

> "specifies that U.S. Bank is the "Legal Title Trustee" of the Trust created by the instrument and that the Trust expressly is not a "business trust" under New York law. The Court further finds that Section 2.01 of the New York Trust Agreement creates the Trust, conveys "without recourse" the mortgage assets (and related property) to the Legal Title Trustee to hold, and empowers the Legal Title Trustee to "exercise all of

2

the rights of the Depositor under such agreements and instruments [with respect to the Mortgage Assets]." Confirming that it is U.S. Bank as Legal Title Trustee that is empowered to sue or be sued in its own name, Section 6.01(b) of the New York Trust Agreement limits the power of the beneficiary to sue, specifying that it is the Legal Title Trustee that institutes suits and actions in its own name "as Legal Title Trustee hereunder." *** [T]he New York Trust Agreement vests U.S. Bank with legal title to the assets, the power to manage them and to bring and control this litigation. As such, for purposes of Mr. Brown's Fed. R. Civ. P. 7.1 challenge, the Court finds that the disclosure is sufficient because this Trust's citizenship is derived from that of its Legal Title Trustee.

ECF No. 56 at 12 (citations omitted).

The Court finds that the Magistrate Judge's findings and Order are not clearly erroneous and are not contrary to law, and therefore the Court overrules and DENIES Defendant's Objection. ECF No. 63.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

June 24, 2026

3