**EX 1**

FROM:
Francis Keefe
Brock and Scott PLLC
23 Messenger Street
Second Floor
PLAINVILLE MA 02762
US

(401) 217-8701

SHIP DATE: 21AUG24
ACTWGT: 22.00 LB
CAD: 25905417/6/INET4535

DIMMED: 15 X 12 X 11 IN

BILL SENDER

TO: John B. Ennis, Esq.

1200 Reservoir Avenue

CRANSTON RI 02920

(508) 379-4488

INV:
PO:

REF: 23-18708

DEPT:



(US)
583J6/A12D/9AE3

J243024071301uv

TRK# 7781 0115 6788

9632 0019 6 (000 000 0000) 0 00 7781 0115 6788

02920

---

**After printing this label:**

1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** IMPORTANT: TRANSMIT YOUR SHIPPING DATA AND PRINT A MANIFEST:

At the end of each shipping day, you should perform the FedEx Ground End of Day Close procedure to transmit your shipping data to FedEx. To do so, click on the Ground End of Day Close Button. If required, print the pickup manifest that appears. A printed manifest is required to be tendered along with your packages if they are being picked up by FedEx Ground. If you are dropping your packages off at a FedEx drop off location, the manifest is not required.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide and applicable tariff. available upon request. FedEx will not be responsible for any claim in excess of $100 per package. whether the result of loss. damage. delay. non-delivery. misdelivery. or misinformation. unless you declare a higher value. pay an additional charge. document your actual loss and file a timely claim. Limitations. including limitations on our liability. can be found in the current FedEx Service Guide and applicable tariff apply. In no event shall FedEx Ground be liable for any special. incidental. or consequential damages. including. without limitation. loss of profit. loss to the intrinsic value of the package. loss of sale. interest income or attorney's fees. Recovery cannot exceed actual documented loss. Items of extraordinary value are subject to separate limitations of liability set forth in the Service Guide and tariff. Written claims must be filed within strict time limits, see current FedEx Service Guide.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>PLAINTIFF,<br>v.<br><br>ROBERT TED BROWN; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND INTERNAL REVEUNE SERVICE,<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 21-CV-00198-JJM-PAS |

**PLAINTIFF'S RESPONSE TO DEFENDANT, ROBERT TED BROWN'S,**
**FIRST SET OF INTERROGATORIES**

The Plaintiff, U.S. Bank National Association as legal title trustee for Truman 2016 SC6 Title Trust ("Plaintiff") submits the following responses and objections to the Defendant, Robert Ted Brown's ("Defendant"), Request for Production. Plaintiff generally objects to the Defendant's Request for Production on the grounds that it is unduly burdensome and time consuming to produce the requested documents to a party that has been defaulted by order of the Court. The requests are clearly a fishing expedition designed to prolong the litigation and incur significant costs. In addition, the Defendant's definitions reference a "Trust Agreement, attached to these interrogatories are incorporated by reference." However, no such Trust Agreement was appended to the Interrogatories served on or about April 23, 2024, nor the Request for Production that was emailed to undersigned counsel on May 28, 2024. Furthermore, the Request for Production was not properly served on counsel pursuant to Rule 5 of the Federal Rules of Civil Procedure.

## REQUESTS

**Request No. 1:** Copies of the servicing file and custodial file of the Defendant's loan.

**Response:** In response to the foregoing request, Plaintiff attaches a copy of the servicing file as Exhibit A1-A5:

A1 – Transaction History – pursuant to 12 CFR 1024.38(c)(2)(i)

A2 – Mortgage, Recorded Assignments, & Loan Modification Agreement – pursuant to 12 CFR 1024.38(c)(2)(ii)

A3 – Servicing Notes – pursuant to 12 CFR 1024.38(c)(2)(iii)

A4 – Data Field Report, if applicable – pursuant to 12 CFR 1024.38(c)(2)(iv)

A5 – Correspondence received from the Defendant – pursuant to 12 CFR 1024.38(c)(2)(v)

Plaintiff also attaches a copy of the custodial file as Exhibit B.

**Request No. 2:** Copies of any documents of the tracking of the Defendant's loan file from origination to the present.

**Response:** To the extent the "loan file" is a reference to the underlying promissory note, Plaintiff refers to Exhibit B.

**Request No. 3:** Produce the original Promissory Note alleged to have been signed by Defendant to New Century Mortgage Corporation.

**Response:** Plaintiff objects on the grounds that the original promissory note is irrelevant to this action because Plaintiff is entitled to foreclose the subject property as record assignee. *See Spino v. Rushmore Loan Management Services, LLC*, No. 20-123-JJM-LDA, 2022 WL 2072871 at * 2 (D.R.I. June 9, 2022) (citing *Pimental v. Deutsche Bank Nat'l Tr. Co.*, 174 A.3d 740, 745 (R.I. 2017). Notwithstanding and without waiving its objections, Plaintiff references Exhibit B, the Affidavit of

Pl's Resp. to Def's Request for Prod.                                    1:21-cv-00198-JJM-PAS
23-18708

Crystal Hollins, Assistant Vice President for Rushmore Loan Management Services LLC at ¶¶ 4, 6 filed in this action as Doc. 14-1, and the Judgment at ¶ 2 entered on August 26, 2022 as Doc. 16.

**Request No. 4:** Produce any allonge or transfer of the note.

**Response:** Plaintiff references Exhibit B.

**Request No. 5:** Please provide any lost note affidavit regarding the Defendant's note.

**Response:** None exists.

**Request No. 6:** If the Defendant's note to New Century Mortgage Corporation has been lost, please provide all documents which indicate the date that it was lost.

**Response:** None exists because the promissory note has not been lost.

**Request No. 7:** Produce any power of attorney granted by Bank of America, N.A. to to [sic] Indecomm Global Servies [sic] to sign the purported Assignment of Mortgage dated April 15, 2014.

**Response:** Plaintiff objects on the basis that Defendant misstates the conveyance appearing in the Assignment of Mortgage dated April 15, 2014. Said document speaks for itself and clearly indicates that it was executed by Indecomm Global Services as attorney in fact for Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. Plaintiff attaches a copy of said power of attorney attached as Exhibit C.

**Request No. 8:** Produce any Power of Attorney power of attorney [sic] granted by Wilmington Trust, National association [sic] as Trustee of ARLP Securitization Trust Series 2014-1 to Meridian Asset Services, Inc. to sign the purported Assignment of Mortgage dated June 29, 2017.

**Response:** Plaintiff objects on the basis that Defendant asserts that Meridian Asset Services, Inc. signed the Assignment of Mortgage dated June 29, 2017. Said document speaks for itself and clearly indicates that it was executed by Meridian Asset Services, Inc. as attorney in fact for Wilmington Trust, National Association, not in its individual capacity but as Trustee of ARLP

3

Securitization Trust, Series 2014-1. Plaintiff attaches a copy of said power of attorney attached as Exhibit D.

**Request No. 9:** ..Any [sic] documents indicating that the Defendant's loan has ever been included in a pool of loans belonging to a securitized trust..

**Response:** Plaintiff objects on the grounds that Defendant's request is vague as to what is a "pool of loans belonging to a securitized trust"; seeks documents that are irrelevant to any claim or defense; and might include confidential, proprietary information, including loans unrelated to this action.

**Request No. 10:** Produce all assignments, transfers, allonge, or other documents evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by Defendant to this obligation in this account for the inception of this account to the present date.

**Response:** Plaintiff objects on the grounds that Defendant's request is vague as to what is meant by "secures payment by Defendant to this obligation"; seeks documents that are irrelevant to any claim or defense; and might include confidential, proprietary information, including loans unrelated to this action. Notwithstanding and without waiving its objection, Plaintiff references Exhibit A2.

**Request No. 11:** Produce all letters, statements and documents sent to Plaintiff by Nationstar Mortgage LLC, Rushmore Loan management [sic] Services, LLC or any other loan servicer acting on behalf of US Bank.

**Response:** Plaintiff objects on the grounds that Defendant seeks documents that are irrelevant to any claim or defense and would include confidential, proprietary information, including loans unrelated to this action. Notwithstanding and without waiving its objection, Plaintiff references Exhibits A1-E.

4

Pl's Resp. to Def's Request for Prod.                                1:21-cv-00198-JJM-PAS
23-18708

**Request No. 12:** Please produce all servicing or subservicing agreements between you and any mortgage servicer regarding the Defendant's mortgage loan.

**Response:** Plaintiff objects on the grounds that Defendant seeks documents that are irrelevant to any claim or defense and would include confidential, proprietary information, including loans unrelated to this action.

**Request No. 13:** Produce all letters, statements and documents contained in the account file of Defendant or imaged by Nationstar Mortgage LLC or Rushmore Loan Management Services LLC or any servicers or sub-servicers of this mortgage from the inception of this account to the present date. If none, state "none".

**Response:** Plaintiff objects to the foregoing request on the grounds that it is duplicative, overly broad, unduly burdensome, and costly to produce every document associated with the loan account.

**Request No. 14:** Produce all electronic transfers, assignments and sales of the note or asset, mortgage, deed of trust or other security instrument. If none, state "none".

**Response:** Plaintiff references Exhibits A2 and B.

**Request No. 15:** Copies of an executed copy of the Trust Agreement for any securitized trust which has ever held Defendant's loan, including the Loan schedules.

**Response:** Plaintiff objects on the grounds that the request is vague as to which Trust Agreement Defendant is referencing. To the extent that Defendant is referring to the Second Amended and Restated Trust Agreement referenced in Plaintiff's Supplemental Rule 7.1 Corporate Disclosure Statement, Plaintiff objects on the grounds that the said document contains confidential and proprietary information.

5

**Request No. 16:** Copies of an executed copy of any loan purchase agreement, which included the Defendant's loan, executed by any entity including the loan schedules from origination to the present date.

**Response:** Plaintiff objects on the grounds that the request is vague as to what Defendant is referencing by "loan purchase agreement". To the extent that Defendant is referring to the Second Amended and Restated Trust Agreement referenced in Plaintiff's Supplemental Rule 7.1 Corporate Disclosure Statement, Plaintiff objects on the grounds that the said document contains confidential and proprietary information.

**Request No. 17:** Any documents showing a chain of transfer of the note and mortgage and other mortgage documents from the Originator to the present owner of the note and mortgage.

**Response:** Plaintiff references Exhibits A2 and B.

**Request No. 18:** Please provide all letters deposited in the United States mail to the Defendant at any address in the State of Rhode Islands.by [sic] any [sic]

**Response:** Plaintiff objects to the foregoing request on the grounds that it is overly broad, unduly burdensome, and costly to produce every letter associated with the loan account. Plaintiff further objects on the grounds that the request is vague because it contains an incomplete sentence. Notwithstanding and without waiving its objections, Plaintiff references Exhibit E being correspondence from the servicer.

**Request No. 19:** Please provide all letters from you or anyone on your behalf deposited deposited [sic] in the United States mail to the Defendant at any address, including his South Carolina address.

**Response:** Plaintiff references Exhibit E.

Pl's Resp. to Def's Request for Prod.                                      1:21-cv-00198-JJM-PAS
23-18708

**Request No. 20:** Any documents, which indicate the owner of the note and the mortgage on the following dates:, [sic] March 11. [sic] 2007, March 12, 207, April 2, 2007, December 2, 2011, April 15, 2014, March 30, 2015 and June 29, 2017.

**Response:** Plaintiff references Exhibits A2 and B.

**Request No. 21:** Any default letter sent to the Defendant pursuant to the terms of the mortgage, including all documents indicating the date that each letter was mailed, the name, employer, and home and business address of the person who deposited each letter in the United States mail.

**Response:** Plaintiff references Exhibit E.

**Request No. 22:** Any acceleration letter sent to the Defendant pursuant to the terms of the mortgage, including all documents indicating the date that each letter was mailed, the name, employer, and home and business address of the person who deposited each letter in the United States mail.

**Response:** Plaintiff references Exhibit E.

**Request No. 23:** Any Notice of Sale letter to the Defendant, deposited in the United States Mail to the Defendant pursuant to the terms of the mortgage, including all documents indicating the date that each letter was mailed, the name, employer, and home and business address of the person who deposited each letter in the United States mail.

**Response:** Plaintiff references Exhibit E.

**Request No. 24:** Any Notice of Foreclosure Counseling letter pursuant to R.I.G.L. 34-27-3.1 to the Defendant, deposited in the United States Mail to the Defendant pursuant to the terms of the mortgage, including all documents indicating the date that each letter was mailed, the name, employer, and home and business address of the person who deposited each letter in the United States mail.

Pl's Resp. to Def's Request for Prod.                                    1:21-cv-00198-JJM-PAS
23-18708

**Response:** Plaintiff objects on the grounds that a notice of foreclosure counseling, pursuant to RIGL § 34-27-3.1, is irrelevant to any claim or defense because the Rhode Island Supreme Court has held that such notices are not applicable to a judicial foreclosure. *See Ocwen Loan Servicing, LLC v. Medina*, 247 A.3d 140, 143-44 (R.I. 2021).

**Request No. 25:** Any and all documents that US Bank used to answer any interrogatories or the request for admissions in this case.

**Response:** Plaintiff references Exhibits A1-E. Defendant has not served any request for admissions.

**Request No. 26:** Any documents indicating the possession and location of the mortgage note from the date of the Defendant's closing to the present.

**Response:** Plaintiff references Exhibit B.

**Request No. 27:** A copy of all documents executed in regard to the securitization of the Defendant's loan.

**Response:** Plaintiff objects on the grounds that the request is vague as to what Defendant is referencing by "securitization of the Defendant's loan." To the extent that Defendant is referring to the Second Amended and Restated Trust Agreement referenced in Plaintiff's Supplemental Rule 7.1 Corporate Disclosure Statement, Plaintiff objects on the grounds that the said document contains confidential and proprietary information.

**Request No. 28:** Any and all documents indicating the identity of each person whom US Bank expects to call as an expert witness at trial along with any documents indicating the subject matter on which the expert is expected to testify and any and all documents indicating the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for such an opinion.

Pl's Resp. to Def's Request for Prod.                                  1:21-cv-00198-JJM-PAS
23-18708

**Response:** In the event that the default is vacated by this Court, Plaintiff is still preparing for trial and has not determined whether any expert witness will be called to testify.

**Request No. 29:** Any Custodial Agreement between US Bank and the Custodian of the collateral file.

**Response:** Plaintiff references Exhibit B.

**Request No. 30:** Any custodial agreement from the origination of the mortgage loan executed by any custodian of the collateral file for the mortgage loan.

**Response:** Plaintiff references Exhibit B.

**Request No. 31:** The electronic and paper log for the collateral file, including but not limited to any records indicating each time that the Defendant's note was removed from the collateral file and each time documents were added to the collateral file since origination.

**Response:** Plaintiff references Exhibit B.

**Request No. 32:** Any documents indicating the Custodian of Defendant's loan documents from origination to the present.

**Response:** Plaintiff references Exhibit B.

**Request No. 33:** Any documents indicating the log in and log out record of the vault or any location where the Defendant's collateral file and Promissory Note has been located from origination to present.

**Response:** Plaintiff references Exhibit B.

**Request No. 34:** Copies of all requests for release of documents from the custodian to the entity receiving the mortgage loan file which includes proof of mailing, i.e. – fed ex tracking number; [sic]

**Response:** Plaintiff references Exhibit B.

**Request No. 35:** Printed and electronic inventory of collateral loan file from Custodian; [sic]

Pl's Resp. to Def's Request for Prod.                                    1:21-cv-00198-JJM-PAS
23-18708

**Response:** Plaintiff references Exhibit B.

**Request No. 36:** Any documents indicating the owner of the note or the mortgage from origination to the present.

**Response:** Plaintiff references Exhibit B.

**Request No. 37:** Any documents indicating the sale of the note or the mortgage from origination to the present.

**Response:** Plaintiff references Exhibit B.

**Request No. 38:** The written reports of any and all expert witnesses, retained for trial, including the following information:

    a.  a complete statement of all opinions the witness will express and the basis and reasons for them;

    b.  the facts or data considered by the witness in forming them;

    c.  any exhibits that will be used to summarize or support them;

    d.  the witness's qualifications, including a list of all publications authored in the previous 10 years;

    e.  a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

    f.  a statement of the compensation to be paid for the study and testimony in the case.

    g.  If an expert witness has been retained for trial, but has not submitted a report, the following documents are requested:

    h.  the subject matter on which the witness is expected to present evidence under Rule of Evidence 702, 703, or 705; and

    i.  a summary of the facts and opinions to which the witness is expected to testify.

10

Pl's Resp. to Def's Request for Prod.                         1:21-cv-00198-JJM-PAS
23-18708

**Response:** In the event that the default is vacated by this Court, Plaintiff is still preparing for trial and has not determined whether any expert witness will be called to testify.

**Request No. 39:** An exact reproduction of the life of the loan mortgage transactional history for this loan on the contractual system of record used by any loan servicer from origination of the loan to the date of this letter. For purposes of identification, the life of the loan transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of the loan transactional history includes in numeric or alpha-numeric codes, please attach a complete list of all such codes and state in plain English a short description for each such code.

**Response:** Plaintiff references Exhibit A1.

**Request No. 40:** The Participation Agreement referenced in the attached Trust Agreement.

**Response:** Plaintiff objects on the grounds that the request is vague as to what Defendant is referencing by "[t]he Participation Agreement". To the extent that Defendant is referring to the Second Amended and Restated Trust Agreement referenced in Plaintiff's Supplemental Rule 7.1 Corporate Disclosure Statement, Plaintiff objects on the grounds that the said document and any document referenced in said Trust Agreement contains confidential and proprietary information. The information contained in such documents is irrelevant to any claim or defense raised by the Defendant, because Plaintiff is a New York common law trust which "cannot sue or be sued, and suits must be brought by or against the trustee." *See U.S. Bank Nat'l Assoc. v. 2150 Joshua's Path,*

11

Pl's Resp. to Def's Request for Prod.                                      1:21-cv-00198-JJM-PAS
23-18708

*LLC*, No. 13-cv-1598 (DLI), 2017 WL 4480869, at *3 (S.D.N.Y. _, 2017) (quoting *Springer v. U.S. Bank, Nat'l Assoc.*, No. 15-cv-1107 (JGK), 2015 WL 9462083, at *2 n.1 (S.D.N.Y. Dec 23, 2015).

**Request No. 41:** An unredacted version of the Trust Agreement attached to this Request for Production.

**Response:** Plaintiff objects on the grounds that the request is vague as to what Defendant is referencing by "[t]he Trust Agreement" and no document was attached to this Request for Production. To the extent that Defendant is referring to the Second Amended and Restated Trust Agreement referenced in Plaintiff's Supplemental Rule 7.1 Corporate Disclosure Statement, Plaintiff objects on the grounds that the said document and any document referenced in said Trust Agreement contains confidential and proprietary information.

**Request No. 42:** All documents indicating the purchase of the Defendant's mortgage and note by the Depositor, Truman 2016SC, LLC, including any sales agreement or assignment.

**Response:** Plaintiff objects on the grounds that the request is vague as to what Defendant is referencing by "the purchase of the Defendant's mortgage and not by the Depositor, Truman 2016SC, LLC". To the extent that Defendant is referring to the Second Amended and Restated Trust Agreement referenced in Plaintiff's Supplemental Rule 7.1 Corporate Disclosure Statement, Plaintiff objects on the grounds that the said document and any document referenced in said Trust Agreement contains confidential and proprietary information. Notwithstanding and without waiving its objection(s), Plaintiff references Exhibits A2 and B.

**Request No. 43:** Any documents indicating the sale of the Defendant's mortgage loan by the Depositor, Truman 2016SC, LLC, including any sales agreement or assignment.

**Response:** Plaintiff objects on the grounds that the request is vague as to what Defendant is referencing by "the sales of the Defendant's mortgage loan by the Depositor, Truman 2016SC,

12

LLC". To the extent that Defendant is referring to the Second Amended and Restated Trust Agreement referenced in Plaintiff's Supplemental Rule 7.1 Corporate Disclosure Statement, Plaintiff objects on the grounds that the said document and any document referenced in said Trust Agreement contains confidential and proprietary information. Notwithstanding and without waiving its objection(s), Plaintiff references Exhibit A2.

**Request No. 44:** All documents indicating the sale of the Defendant's mortgage loan by JPMorgan Chase Bank, National Association to the Depositor, Truman 2016SC, LLC, including any sales agreement or assignment.

**Response:** Plaintiff objects on the grounds that the request is vague as to what Defendant is referencing by "the sale of the Defendant's mortgage loan by JPMorgan Chase Bank, National Association to the Depositor, Truman 2016SC, LLC". To the extent that Defendant is referring to the Second Amended and Restated Trust Agreement referenced in Plaintiff's Supplemental Rule 7.1 Corporate Disclosure Statement, Plaintiff objects on the grounds that the said document and any document referenced in said Trust Agreement contains confidential and proprietary information. Notwithstanding and without waiving its objection(s), Plaintiff references Exhibits A2 and B.

**Request No. 45:** All documents indicating the purchase of the Defendant's mortgage loan by JPMorgan Chase Bank, National Association including any sales agreement or assignment.

**Response:** Plaintiff objects on the grounds that the request is vague as to what Defendant is referencing by "the purchase of the Defendant's mortgage loan by JPMorgan Chase Bank". To the extent that Defendant is referring to the Second Amended and Restated Trust Agreement referenced in Plaintiff's Supplemental Rule 7.1 Corporate Disclosure Statement, Plaintiff objects on the grounds that the said document and any document referenced in said Trust Agreement contains

13

confidential and proprietary information. Notwithstanding and without waiving its objection(s), Plaintiff references Exhibits A2 and B.

**Request No. 46:** All documents indicating the names and residence addresses and domicile addresses of all Participants to the Participation Agreement referenced in the attached Trust Agreement.

**Response:** Plaintiff objects on the grounds that the documents requested contain confidential, personally identifiable information. Furthermore, the information contained in such documents is irrelevant to any claim or defense raised by the Defendant, because Plaintiff is a New York common law trust which "cannot sue or be sued, and suits must be brought by or against the trustee." *See U.S. Bank Nat'l Assoc. v. 2150 Joshua's Path, LLC*, No. 13-cv-1598 (DLI), 2017 WL 4480869, at *3 (S.D.N.Y. _, 2017) (quoting *Springer v. U.S. Bank, Nat'l Assoc.*, No. 15-cv-1107 (JGK), 2015 WL 9462083, at *2 n.1 (S.D.N.Y. Dec 23, 2015).

**Request No. 47-58:** Not requested.

**Response:** Plaintiff reserves the right to amend its response in the event that a new Request 47-58 is served in this action.

**Request No. 59:** All documents on which based [sic] the assertions in your corporate disclosure statement filed in this case that U.S. Bank, N.A. has a parent company that is publically [sic] traded, Roosevelt Management Company, LLC.

**Response:** Plaintiff's prior counsel filed the referenced Rule 7.1 Corporate Disclosure Statement and current counsel is not privy to what documents were used to base this assertion. Undersigned counsel filed a Supplemental Rule 7.1 Corporate Disclosure Statement in compliance with the amended Rule 7.1(a)(2) which does no longer requires the disclosure of a parent company, except when a corporation "seeks to intervene…" pursuant to Rule 7.1(a)(1).

14

**Request No. 60:** All documents indicating the names and resident addresses and domicile addresses of all members of Roosevelt Management Company, LLC.

**Response:** Plaintiff objects on the grounds that the documents requested contain confidential, personally identifiable information. Furthermore, the information contained in such documents is irrelevant to any claim or defense raised by the Defendant, because Plaintiff is a New York common law trust which "cannot sue or be sued, and suits must be brought by or against the trustee." *See U.S. Bank Nat'l Assoc. v. 2150 Joshua's Path, LLC*, No. 13-cv-1598 (DLI), 2017 WL 4480869, at *3 (S.D.N.Y. _, 2017) (quoting *Springer v. U.S. Bank, Nat'l Assoc.*, No. 15-cv-1107 (JGK), 2015 WL 9462083, at *2 n.1 (S.D.N.Y. Dec 23, 2015).

**Request No. 61:** All documents on which you contend that Robert Ted Brown did not reside in South Carolina when this case was commenced.

**Response:** Plaintiff objects to the foregoing request because it lacks sufficient information to form a belief as to Defendant's place of residence for purposes of establishing diversity jurisdiction. Plaintiff is still propounding discovery from Defendant with respect to this information. Notwithstanding and without waiving its objections, Plaintiff references Exhibits A5 and E.

As to Plaintiff's objections,
**U.S. Bank, National Association, as legal title trustee for Truman 2016-SC6 Title Trust,**
By its attorneys,


*/s/ Rowdy M. Cloud*
Rowdy M. Cloud, Esq. (# 9383)
BROCK AND SCOTT, PLLC
23 Messenger Street, Second Floor
Plainville, MA 02726
Tel: (508) 379-4516
rowdy.cloud@brockandscott.com

Dated: August 12, 2024

15

Pl's Resp. to Def's Request for Prod.                    1:21-cv-00198-JJM-PAS
23-18708

## CERTIFICATE OF SERVICE

I, Rowdy M. Cloud, hereby certify that on this 21th day of August, 2024, I caused a copy of the foregoing document to be served via FedEX, postage prepaid and electronic mail to the following:

John B. Ennis, Esq.
1200 Reservoir Avenue
Cranston, RI 02920
Jbelaw75@gmail.com

/s/ Rowdy M. Cloud_____
Rowdy M. Cloud, Esq. (#9383)

16

Pl's Resp. to Def's Request for Prod.                     1:21-cv-00198-JJM-PAS
23-18708

# EXHIBIT C
# LPOA TO INDECOMM

RPD000225

Doc No: 00093920
Book #10871   Page:   54

## LIMITED POWER OF ATTORNEY

**KNOW ALL PERSONS BY THESE PRESENTS:**

THAT, BANK OF AMERICA, NATIONAL ASSOCIATION ("Seller"),[1] by these presents does hereby make, constitute and appoint INDECOMM HOLDINGS INC. DBA INDECOMM GLOBAL SERVICES ("Indecomm"), by and through the individuals listed on Exhibit A hereto, Seller's true and lawful attorney-in-fact, and hereby grants it authority and power to take, through its duly authorized officers, the Actions (as such term is defined herein) in Seller's name, place and stead. This limited power of attorney ("Limited Power of Attorney") is given in connection with, and relates solely to, mortgage loans ("Loans") sold by Seller and certain of its affiliates to ALTISOURCE RESIDENTIAL, L.P. ("Purchaser") pursuant to that certain Mortgage Loan Purchase and Sale Agreement dated as of January 31, 2014, between Seller, certain affiliates of Seller and Purchaser, under the terms of which Seller and certain affiliates of Seller sold to Purchaser the Loans.[2] Each of the Loans comprises a promissory note evidencing a right to payment and performance secured by a security interest or other lien on real property evidenced by one or more mortgages, deeds of trust, deeds to secure debt or other forms of security instruments (each, a "Mortgage"). The parties agree that this Limited Power of Attorney is coupled with an interest.

As used above, the term "Actions" shall mean and be limited to the following acts, in each case only with respect to one or another of the Loans and only as mandated or permitted by federal, state or local laws or other legal requirements or restrictions:

> Prepare and execute assignments of mortgages, deeds of trust, deeds to secure debt, and other security instruments securing promissory notes or negotiable instruments.

With respect to the Actions, Seller gives to said attorney-in-fact full power and authority to execute such instruments and to do and perform all and every act and thing requisite, necessary and proper to carry into effect the power or powers granted by or under this Limited Power of Attorney as fully, to all intents and purposes, as the undersigned might or could do, and hereby does ratify and confirm all that said attorney-in-fact shall lawfully do or cause to be done by authority hereof.

Except as provided herein, nothing contained herein shall be construed to grant Indecomm the power to (i) initiate or defend any suit, litigation, or proceeding in the name of Seller or be construed to create a duty of Seller to initiate or defend any suit, litigation, or proceeding in the name of Purchaser, or (ii) incur or agree to any liability or obligation in the name of or on behalf of Seller. This Limited Power of Attorney is entered into and shall be governed by the laws of the State of New York without regard to conflicts of law principles of such state.

*[Signature Page Follows]*

---

[1] For the avoidance of doubt, this Limited Power of Attorney is intended to cover Actions, as such term is defined herein, taken in the name of: Bank of America, National Association; Bank of America, National Association, successor by merger to BAC Home Loans Servicing, LP formerly known as Countrywide Home Loans Servicing LP; Bank of America, National Association, successor by merger to NationsBanc Mortgage Corporation; Bank of America, National Association, successor by merger to Fleet National Bank; Bank of America, National Association, successor by merger to Bank of America Oregon; Bank of America, National Association, successor by merger to NationsBank, N.A.; Bank of America, National Association, successor by merger to Countrywide Bank, National Association; Bank of America, National Association, successor by merger to Countrywide Bank, National Association formerly known as Countrywide Bank, FSB; or Bank of America, National Association, successor by merger to Countrywide Bank, National Association formerly known as Treasury Bank, National Association.
[2] Indecomm is a third-party vendor of Ocwen Loan Servicing, LLC, the servicer of the Loans.

LIMITED POWER OF ATTORNEY TO INDECOMM HOLDINGS INC. DBA INDECOMM GLOBAL SERVICES

1

RPD000226

Doc No: 00093920
Book:10871  Page:  55

**IN WITNESS WHEREOF**, Bank of America, National Association has executed this Limited Power of Attorney this 10th day of April, 2014.

**BANK OF AMERICA, NATIONAL ASSOCIATION**

By:
Name: _____ Lee Wardlow _____
Title: _____ Senior Vice President _____

Witness:
Name: _____ Justin Dahl _____
Title: _____ Senior Vice President _____

Witness:
Name: _____ Noel Zeuner _____
Title: _____ Senior Vice President _____

STATE OF TEXAS      :
                            : ss.
COLLIN COUNTY      :

On the 10th day of April in the year 2014, before me, the undersigned, personally appeared __Lee Wardlow__, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that the individual executed the same in his or her capacity, and that by his or her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public
My commission expires: June 2, 2017

LAURA D. FISCHER
Notary Public
STATE OF TEXAS
My Comm. Exp. 06-02-17

LIMITED POWER OF ATTORNEY TO INDECOMM HOLDINGS INC. DBA INDECOMM GLOBAL SERVICES

2

RPD000227

Doc No: 00093920
Book:10871  Page:  56

Exhibit A

Authorized Signatories

1. Louis Matthew Trejo III

2. Pangnee Yang

3. Bao Cindy Fang

4. Va Thao

5. Marcy Kay Koopman

6. Nhia Indiati Moua

7. Yu Yee Vang

8. Lee Lisa Vang

9. Latha Parameswaran

10. Matthew Robert Marsh

RECEIVED:

Providence
Received for Record
Mas 29,2014  at  07:06P
Document Num:  00093920
John A Murphy
Recorder of Deeds

18349  5/23/2014  79354812/2

LIMITED POWER OF ATTORNEY TO INDECOMM HOLDINGS INC. DBA INDECOMM GLOBAL SERVICES

3

RPD000228

# EXHIBIT D
# LPOA TO MERIDIAN

RPD000229

Bk: 06014 Pg: 202

Case 1:21-cv-00198-JJM-PAS Document 68-1 Filed 06/29/26 Page 23 of 27 PageID #: 2032

# Berkshire Middle District Registry of Deeds

# Electronically Recorded Document

### This is the first page of the document - Do not remove

---

### Recording Information

| | |
|---|---|
| Document Number | : 909330 |
| Document Type | : POFA |
| Recorded Date | : July 19, 2017 |
| Recorded Time | : 01:50:38 PM |
| | |
| Recorded Book and Page | : 06014 / 202 |
| Number of Pages(including cover sheet) | : 5 |
| Receipt Number | : 130080 |
| Recording Fee | : $75.00 |

**Berkshire Middle District Registry of Deeds**
**Patricia M. Harris, Register**
**44 Bank Row**
**Pittsfield, MA 01201**
**413-443-7438**
**berkshiremiddledeeds.com**

<u>After Recording Return To:</u>
Meridian Asset Services, Inc.
780 94th Avenue N., Suite 102
St. Petersburg, FL 33702

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LIMITED POWER OF ATTORNEY

This Limited Power of Attorney is made in connection with that certain Master Services Agreement (hereinafter called the "MSA") by and between **Altisource Residential, Corporation,** having its principal place of business at c/o Altisource Asset Management Corporation, 36C Strand Street, Christiansted, USVI 00820, **acting through its subsidiary, Altisource Residential, L.P.,** as Initial Owner (hereinafter called "Owner") and **Meridian Asset Services, Inc.,** having its principal place of business at 780 94th Avenue N., Suite 102, St. Petersburg, FL 33702 (hereinafter called "Meridian") dated as of July 30, 2015.

**<u>Owner, on behalf of itself and its subsidiaries including, without limitation, its corporate and limited liability company subsidiaries and its Delaware statutory trust subsidiaries for which Altisource Residential, L.P. is the Depositor and Administrator listed on attached Exhibit A (individually and collectively, the "Company")</u>** hereby makes, constitutes and appoints Meridian for Company's benefit and in Company's name, place, and stead, as the Company's true and lawful attorney-in-fact, with full power of substitution, to act in any manner necessary and proper to exercise the servicing and administrative powers set forth in the MSA.

Pursuant to the MSA and this Power of Attorney, Meridian is hereby authorized and empowered as follows:

1. To execute, acknowledge, seal and deliver deeds of trust/mortgages, note endorsements, lost note affidavits, assignments of deed of trusts/mortgages and other recorded documents, satisfactions/releases/reconveyances of deeds of trusts/mortgages, subordinations and modifications, tax authority notifications and declarations, deeds, bills of sale, and other instruments of sale, conveyance, and transfer, appropriately completed, with all ordinary or necessary endorsements, acknowledgments, affidavits, and supporting documents as may be necessary or appropriate to effect its execution, delivery, conveyance, recordation or filing.

2. To execute and deliver insurance filings and claims, affidavits of debt, substitutions of trustee, notices of rescission, foreclosure deeds, transfer tax affidavits, affidavits of merit, , and other documents or notice filings on behalf of the Company in connection with insurance, foreclosure, bankruptcy and eviction actions.

In the event of any conflict between the terms of the MSA and the terms hereof, the provisions of the MSA shall control, and this Limited Power of Attorney does not constitute a waiver of any provisions of the MSA.

1

RPD000231

Dated:  July 29, 2016                    **ALTISOURCE RESIDENTIAL, L.P.**

By: Altisource Residential GP, LLC, the general Partner

By: Altisource Residential Corporation, the sole member of the general Partner

By: _____
Stephen H. Gray
Chief Administrative Officer

Witness:

Name:  Axelle Richards

Name:  Julie Paterson

Territory of United States Virgin Islands        )
Division of St. Croix                            ) SS:

On the ___ day of July in the year 2016 before me, the undersigned, personally appeared Stephen H. Gray, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the Division of St. Croix in the U.S. Territory of the United States Virgin Islands.

Witness my hand and official seal this 29th day of July, 2016.

Signature: _____

My Commission Expires:

(Affix Seal or Stamp)

SUSAN L. ANDERSON
Territory of the
U.S. VIRGIN ISLANDS
District of
ST. CROIX
Notary Public No. NP-133-15

**This Document Prepared By:** Altisource Residential, L.P.

2

RPD000232

## EXHIBIT A

List of subsidiaries of Altisource Residential, L.P. covered by this Power of Attorney:

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but as Trustee of ARLP Trust **

Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust **

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but as Trustee of ARLP Trust 2 **

Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 2**

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but as Trustee of ARLP Trust 3 **

Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3**

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but as Trustee of ARLP Trust 4 **

Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4 **

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but as Trustee of ARLP Trust 5 **

Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 5 **

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but as Trustee of ARLP Trust 6 **

Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 6 **

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but as Trustee of ARLP Trust 7 **

Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 7 **

Wilmington Trust, National Association, not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-1 **

Wilmington Trust, National Association, not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-2 **

Wilmington Trust, National Association, not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2015-1 **

ARNS, Inc.

ARLP I, LLC

ARLP II, LLC

ARLP REO I, LLC

ARLP REO II, LLC

ARLP REO III, LLC

ARLP REO IV, LLC

ARLP REO V, LLC

3

RPD000233

Bk: 06014  Pg: 206

EXHIBIT A (cont'd)

ARLP REO VI, LLC

ARLP REO VII, LLC

ARLP REO 400, LLC

ARLP REO 500, LLC

RESI REO Sub, LLC

RESI SFR Sub, LLC

ARLP Repo Seller L, LLC

ARLP Repo Seller S, LLC

---

** For the trust subsidiaries listed above, the depositor and administrator (Altisource Residential, L.P.) has responsibility for the day to day operations of the trust, including but not limited to the execution of all documents and duties references in items 1-6 of the attached Power of Attorney.

4

Berkshire Middle Registry of Deeds - END OF DOCUMENT

RPD000234