UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016-SC6 TITLE TRUST, Plaintiff, | : | |
| v. | : | C.A. No. 21-198JJM |
| ROBERT TED BROWN, et al., Defendants. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court, and referred to me for determination, are a flurry of motions filed mostly by Defendant, Robert Ted Brown ("Mr. Brown"), and one filed by Plaintiff, U.S. Bank National Association as Legal Title Trustee for Truman 2016-SC6 Title Trust ("U.S. Bank"), all related to the pending (but not referred) motion of U.S. Bank for summary judgment:

- Mr. Brown's Motion (ECF No. 69) for "sanctions, to enforce the October 22, 2025 discovery order, and to deny or defer summary judgment";
- Mr. Brown's Motion (ECF No. 70) to "compel complete and verified interrogatory answers or, alternatively, to preclude inconsistent or expanded summary-judgment assertions";
- Mr. Brown's Motion (ECF No. 71) to "strike or disregard new evidence and factual theories submitted in reply, or, alternatively, for leave to file the attached sur-reply, limited discovery, and relief under Rule 56(d)";
- U.S. Bank's Motion (ECF No. 72) for a protective order.

Based on extensive briefing (in excess of 150 pages of argument and many attachments and related filings), the Court denies Mr. Brown's motions, except for the request for leave to file a sur-reply as to which I defer to the District Court. In reliance on these determinations, the Court therefore denies the motion of U.S. Bank as moot. The reasoning follows.

## I. Background

Mr. Brown purchased the real estate in issue in 2006, executing a Note in the original amount of $414,400 secured by the mortgage in issue. ECF Nos. 40-1 ¶¶ 1-2; 72-1 at 21. On October 1, 2015, Mr. Brown stopped paying the Note and has been in default ever since. Id. ¶ 18.[1] Since that date, U.S. Bank and/or its predecessors in interest have paid the carrying costs (taxes and insurance)[2] for the real estate while Mr. Brown "remains the titled owner," ECF No. 74 at 27, and therefore has continued to enjoy his right as owner to occupy, rent or use. See ECF No. 68 at 1-2.

Invoking the Court's diversity jurisdiction, U.S. Bank filed this judicial foreclosure action on May 4, 2021. ECF No. 1. After a delay of almost three years because Mr. Brown failed to respond to the complaint,[3] this case has been aggressively and exhaustively litigated by Mr. Brown. E.g., U.S. Bank Nat'l Ass'n, as Legal Title Trustee for Truman 2016-SC6 Title Trust v. Brown, C.A. No. 21-198JJM, 2026 WL 1441127, at *1-2 (D.R.I. May 21, 2026), objections

[1] For purposes of summary judgment, Mr. Brown denies that U.S. Bank can prove that he has failed to pay anything for almost eleven years. ECF No. 65-21 ¶ 18. However, as far as the Court can discern, Mr. Brown has presented no evidence to contradict the accuracy of the proposition that he has paid nothing on the Note to any person or entity since October 1, 2015.

[2] In light of the equitable considerations triggered by this ongoing expense if the *status quo* (ongoing delay) is sustained, U.S. Bank's motion for a protective order asks the Court to order Mr. Brown to begin to make use and occupancy payments into the Court registry. ECF No. 72-1 at 17-18. Mr. Brown argues that the Court lacks the power to issue such an order. ECF Nos. 74 at 26-27; 75 at 27-29. Because I am denying all of Mr. Brown's motions, I am not recommending that the Court afford further consideration to U.S. Bank's request for what would amount to injunctive relief. However, in light of the findings *infra* regarding Mr. Brown's lack of diligence, I note that the Court should seriously consider further proceedings regarding these equitable considerations to the extent that further litigation of the discovery issues Mr. Brown presents in these motions results in additional delay of this case.

[3] Default judgment entered on August 26, 2022. ECF No. 16. In light of Mr. Brown's argument that he had not received proper notice, foreclosure proceedings were enjoined by temporary restraining order. Text Order of Feb. 13, 2024; Text Order of Feb. 29, 2024. Despite the Court's directive that the parties present a schedule for a combined preliminary injunction/merits hearing, no further proceedings were requested. Instead, Mr. Brown launched the first of his motions challenging U.S. Bank's Fed. R. Civ. P. 7.1 disclosure. ECF No. 21.

overruled, 2026 WL 1815423 (D.R.I. June 24, 2026). The factual/procedural background in U.S. Bank Nat'l Ass'n is incorporated herein by reference.

After Mr. Brown engaged counsel in 2024, in addition to seeking to vacate the default, he propounded interrogatories and document requests. On May 22, 2024, even though the case was still in default status, U.S. Bank provided answers to interrogatories and, in August 2024, it produced documents. On February 25, 2025, Mr. Brown filed his second[4] motion to compel. ECF No. 25. With the motion to vacate the default not yet filed, the Court had a prompt conference based on which the second motion to compel was denied as moot. Text Order of March 12, 2025. In May 2025, Mr. Brown finally moved to vacate the default and the motion was granted by the Court. ECF No. 29; Text Order of June 9, 2025.

On September 30, 2025, Mr. Brown filed his third motion to compel, this one focused on U.S. Bank's production of documents. ECF No. 34. U.S. Bank's response in opposition was due on October 14, 2025, but U.S. Bank did not file a response.[5] Based on its review of the motion, the Court issued the Text Order of October 22, 2025,[6] ordering U.S. Bank to supply a privilege log, to provide a complete copy of the servicing and custodial file (with an explanation for any gaps), and to produce documents sufficient to show U.S. Bank's citizenship[7]; initially, the Court declined to order the cumbersome process of requiring U.S. Bank to schedule a

[4] Mr. Brown's first motion to compel (ECF No. 21) was based on the amendment to Fed. R. Civ. P. 7.1 and focused on U.S. Bank's pre-amendment disclosure, although the motion also asked the Court to order production of a substantial quantity of information and documents related to the content of the Fed. R. Civ. P. 7.1 disclosure. This first motion to compel was denied as moot. Text Order of May 1, 2024; see U.S. Bank Nat'l Ass'n, 2026 WL 1441127, at *2.

[5] U.S. Bank now represents that this was due to mistake or inadvertence. ECF No. 72-1 at 4.

[6] U.S. Bank contends that it fully complied with the October 22, 2025, Order. ECF No. 72-1 at 4-5.

[7] The adequacy of U.S. Bank's compliance with the portion of the Order to produce documents sufficient to show citizenship (foundational to the Court's diversity jurisdiction) was addressed by the Court in U.S. Bank Nat'l Ass'n, 2026 WL 1441127, at *5, in which the Court found that the production already provided was adequate. Id. (finding U.S. Bank's "disclosure is sufficient").

viewing of the original Note based on U.S. Bank's response and the failure of the motion to articulate why the response was not sufficient. See Porch Swing Holdings LLC v. Mallory, 345 A.3d 404, 409 (R.I. 2025) (in foreclosure case where note was admittedly lost, affirming that original note is not required to effectuate foreclosure); Note Capital Grp., Inc. v. Perretta, 207 A.3d 998, 1005-06 (R.I. 2019) (lost note allegation gives rise to material issue of fact because mortgagor presented affidavit establishing that different versions of note existed giving rise to factual dispute regarding which version, if any, was authentic).

Mr. Brown objected to the October 22, 2025, Text Order and the Court overruled all his objections except for the denial of his request to view the original Note; in reliance on Mr. Brown's assertion that possession of the original Note is an essential element of U.S. Bank's claim, which would fail if the Note had been lost, the Court ordered Plaintiff to "continue to schedule a viewing of the original Note." Text Order of December 12, 2025. U.S. Bank complied, arranging for the original Note to be delivered to the local office of its attorney of record and, in February 2026, U.S. Bank incurred the expense of scheduling a viewing by Mr. Brown of the original Note. ECF 72-1 at 5-6. However, his attorney canceled and/or failed to appear.[8] ECF No. 72-1 at 5-6. Otherwise, as it advised Mr. Brown on December 12, 2025, U.S. Bank served more responsive answers with additional production of what it believed was full compliance with the Court's Text Order of October 22, 2025; this production was completed on November 19, 2025. ECF No. 72-1 at 4-5.

Fact discovery closed on January 15, 2026. Text Order of July 16, 2025. Meanwhile, on December 1, 2025, U.S. Bank filed its motion for summary judgment. ECF No. 40. During the

[8] In failing to seize the opportunity to view the original Note, Mr. Brown seemingly relied in part on his counsel's disagreement with U.S. Bank's appropriate requirements including that the Note could not be tampered with or touched. ECF No. 72-1 at 6. Importantly, Mr. Brown could have filed a motion seeking relief from U.S. Bank's requirements if he deemed them unreasonable or impermissible, but he did not do so.

months that followed, Mr. Brown filed and aggressively litigated his ultimately unsuccessful "emergency" motion to compel compliance with Fed. R. Civ. P. 7.1 and challenging the adequacy of discovery provided by U.S. Bank to establish citizenship. See ECF No. 42; U.S. Bank Nat'l Ass'n, 2026 WL 1441127, at *5. After seven extensions, Mr. Brown finally filed his opposition to summary judgment on June 20, 2026. ECF No. 65. After almost another month passed, in July 2026, Mr. Brown finally filed the instant motions to compel, for sanctions, for Fed. R. Civ. P. 56(d) assistance and for other relief. Collectively, with no attempt to demonstrate excusable neglect for the long delay as required by Fed. R. Civ. P. 6(b)(1)(B) to reopen or extend fact discovery,[9] and no affidavit or declaration to comply with the requirements of Fed. R. Civ. P. 56(d), these motions seek what appears to amount to a virtual re-opening of fact discovery to obtain interrogatory answers and documents despite having been aware of U.S. Bank's responses since no later than its final production on November 19, 2025. See ECF No. 72-1 at 1.

If granted, Mr. Brown's motions would further delay U.S. Bank's motion for summary judgment to allow time for production and review (and the inevitable follow-up motions) of such detailed documents and information as:

- completely new, separately stated, sworn answers to virtually all of the interrogatories;
- detailed information (e.g., batch or job number, certificate of mailing, and tracking history) about the mailing of the April 17, 2017, default notice (including all persons with knowledge, the mailing vendor, and the mailing procedure);
- the identity of every person who acted as foreclosure counsel with the written agreement establishing that person's authority and the period of authority;
- every vault log and bailee record pertaining to the storage of the Note package;

[9] Mr. Brown has not moved for an extension of the deadlines in the Cout's pretrial scheduling order, either before or after the applicable deadline(s) passed. To the extent that he might make such a motion now, it should be granted only if he can demonstrate excusable neglect, which his filings fail to establish. Vose v. Tang & Maravelis, P.C., C.A. No. 22-00434-MSM-PAS, 2024 WL 1604715, at *3 n.10 (D.R.I. Apr. 12, 2024) (pursuant to Fed. R. Civ. P. 6(b)(1)(B), motions to extend made after applicable deadline granted only on finding of excusable neglect); see Momah v. Northeast Men's Health Mgmt., LLC, No. 1:23-cv-422-AJ, 2025 WL 2888045, at *6 (D.N.H. July 29, 2025) (court declines to extend pretrial schedule because motion made after deadline passed and plaintiff failed to demonstrate excusable neglect, including no newly discovered information and no explanation for delay), reconsideration denied, 2025 WL 2888041 (D.N.H. Sept. 3, 2025).

- complete document production regarding every custodian or bailee of every document conceivably "concerning" Mr. Brown's loan;
- a do-over of the privilege log;
- the creation of a listing by Bates number of every document produced by reference to each document request and each category within each request.

See generally ECF No. 69, 70.

Despite Mr. Brown's protestation that such sweeping discovery can be completed in a "reasonable time," ECF No. 70 at 17, the Court finds that what Mr. Brown asks the Court to order is essentially a re-opening of the fact phase of the case. E.g., ECF No. 69 at 16-20, ECF No. 70 at 2-4, 17. And Mr. Brown has provided the Court with nothing beyond his *ipse dixit* to suggest that this discovery could actually be assembled in a reasonable time. To the contrary, in reliance on the sheer scope of what Mr. Brown itemizes in his motions, the Court finds that they support the inference that this is not discovery that can be done quickly or in a reasonable time but rather will protract this already protracted litigation significantly, at least by months, more likely by years.

## II. Standard of Review

The trial court has "broad discretion in ruling on pre-trial management matters." Bonner v. Triple-S Mgmt. Corp., 68 F.4th 677, 684 (1st Cir. 2023) (internal quotation marks omitted). This includes compliance with the court-ordered deadlines in the Fed. R. Civ. P. 16 scheduling order. That is, it is well within the trial court's discretion to bar a party from proceeding on a Fed. R. Civ. P. 37(a) motion to compel filed after fact discovery has closed – a "[p]laintiff cannot simply sit on [his] hands until after the discovery period has expired and then claim that defendants have not complied with their discovery obligations." Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc., 730 F.3d 23, 26 (1st Cir. 2013) (internal quotation marks omitted) (affirming trial court's denial of motions to compel and to extend fact discovery filed

two days after close of fact discovery). Thus, the law is settled that a party who receives discovery responses in advance of the expiration of fact discovery is under an obligation to review those responses and, if they are deemed deficient, that party must "move within a reasonable period of time to compel responses." Sellers v. United States Dep't of Defense, CA 05-381 S, 2007 WL 9782872, at *9-10 (D.R.I. Nov. 9, 2007). A party cannot delay filing a motion to compel with impunity and a motion to compel filed after close of fact discovery is appropriately denied as untimely. Id. A "motion to compel is a standard tool, well within the capability of any reasonably diligent litigant. The Civil Rules furnish litigants with this tool for a reason, and the tool should be employed when . . . its use is appropriate." Rivera-Almodovar, 730 F.3d at 27 (emphasis added).

Regarding a motion for sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A), the law is well established that when noncompliance with a court order occurs, "the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003). The court has broad discretion to select sanctions fitted to the severity and circumstances of a discovery violation. Id. The purpose of sanctions against a party who fails to obey a discovery order is to both penalize wrongful conduct and to deter future similar conduct. Moulton v. Bane, Civil No. 14-cv-265-JD, 2015 WL 12990224, at *1 (D.N.H. Nov. 10, 2015).

Once a summary judgment motion is filed, the opposing party may avail himself of Fed. R. Civ. P. 56(d) to obtain appropriate relief if, "for specified reasons," he cannot present facts essential to his opposition. Jones v. Secord, 684 F.3d 1, 6 (1st Cir. 2012) (emphasis added). Grounded in the discretion of the court, Fed. R. Civ. P. 56(d) serves the valuable purpose of

protecting a litigant who justifiably needs additional time to respond in an effective manner to a summary judgment motion. Rivera-Almodovar, 730 F.3d at 28. Such a need may arise because a party has not had a fair opportunity to conduct necessary discovery. Id.

Rule 56(d) is not self-executing but must be appropriately invoked in that the moving party must explain by affidavit or in some other authoritative manner:

> his or her current inability to adduce the facts essential to filing an opposition, (ii) provide[ ] a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicate[ ] how those facts would influence the outcome of the pending summary judgment motion.

Velez v. Awning Windows, Inc., 375 F.3d 35, 40 (1st Cir. 2004).[10] Thus, a Fed. R. Civ. P. 56(d) movant's filing must explain to the court why he was unable to adduce facts essential to filing an opposition during the fact discovery period, provide a plausible basis for belief that the new facts can be assembled in a reasonable time and how such facts would influence the outcome of the summary judgment motion. Id. A "party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts, but must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." Dorey v. Hartmann, Case No. 5:22-cv-657-WFJ-PRL, 2025 WL 90050, at *3 (M.D. Fla. Jan. 14, 2025) (cleaned up). If the movant fails to include an affidavit or declaration as explicitly required by Fed. R. Civ. P. 56(d), the motion should fail "out of the gate." Universal Trading & Inv. Co., Inc. v. Bureau for Representing Ukrainian Interests in Int'l & Foreign Cts., 605 F. Supp. 3d 273, 287 (D. Mass. 2022), aff'd, 87 F.4th 62 (1st Cir. 2023).

[10] Velez is based on Fed. R. Civ. P. 56(f), which is the predecessor to Fed. R. Civ. P. 56(d). Sacco v. Am. Institutional Med. Grp., 609 F. Supp. 3d 22, 55 n.70 (D.N.H. 2022).

As to the timing of a Fed. R. Civ. P. 56(d) request for discovery, it is well settled that the Rule is not designed to afford relief to those who have failed to exercise diligence in conducting discovery before the filing of the summary judgment motion. Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 10-11 (1st Cir. 2007); Dorey, 2025 WL 90050, at *1-3 (Fed. R. Civ. P. 56(d) motion denied where request for more discovery was made eight months after close of discovery deadlines, permitting inference that failure to obtain timely discovery was due to inactivity or delay). Thus, courts generally find good cause to deny a nonmovant's request for Fed. R. Civ. P. 56(d) relief when the request comes after the close of discovery. Wesson v. Legacy Automation, Inc., Case No. 1:17-cv-1061, 2020 WL 6721065, at *3 (W.D. Ark. Nov. 16, 2020). At least one court has rejected a Fed. R. Civ. P. 56(d) request simply because it was not made until the substantive opposition to summary judgment was filed. Sacco v. Am. Institutional Med. Grp., 609 F. Supp. 3d 22, 55 (D.N.H. 2022).

With respect to U.S. Bank's motion for a protective order, the Court has wide latitude in designing protective orders pursuant to Fed. R. Civ. P. 26(c)(1) for good cause to protect against annoyance, embarrassment or undue burden occasioned by the discovery. Poliquin v. Garden Way, Inc., 989 F.2d 527, 532 (1st Cir. 1993). "Such an order may also be based on the Court's determination that the discovery sought is disproportional, unreasonably cumulative or duplicative, or is otherwise outside the scope permitted by Fed. R. Civ. P. 26(b)(l)." Narragansett Indian Meeting Church v. Johnson, C.A. No. 21-332-MSM, 2026 WL 2410180, at *1 (D.R.I. Aug. 18, 2026). "The party seeking information in discovery over an adversary's objection has the burden of showing its relevance." McCormick v. Dresdale, C.A. No. 09-474-PJB-LM, 2011 WL 13364595, at *1 (D.R.I. June 3, 2011) (internal quotation marks omitted).

## III. Analysis

Apart from the portion of it that references Fed. R. Civ. P. 56(d), which is discussed *infra*, Mr. Brown's motion to compel (ECF No. 70) (seeking interrogatory answers) is denied because it is hopelessly out of time. Instead of exercising appropriate diligence during the fact discovery period, when Mr. Brown received what he now contends were insufficient answers in 2024, Mr. Brown did nothing. Instead, he waited to file the motion to compel – well more than two years after he received the allegedly inadequate interrogatory answers; eight months after U.S. Bank complied with the October 22, 2025, Order to produce documents and seven months after Mr. Brown was advised by U.S. Banks' counsel that they deemed the November 2025 production to be complete compliance (other than the viewing of the original Note); seven and a half months after the filing of U.S. Bank's motion for summary judgment; seven months after Mr. Brown's opposition to the motion for summary judgment was initially due; six months after the close of fact discovery; and almost a month after the opposition to the summary judgment motion was actually filed. These delays alone, especially the long delay following the close of fact discovery, are fatal to this motion. See Rivera-Almodovar, 730 F.3d at 26-27; Sellers, 2007 WL 9782872, at *9. Based on these long delays and Mr. Brown's lack of diligence, which collectively support the finding by inference that Mr. Brown's motion to compel is for the purpose of more delay and not a good faith effort to uncover relevant information, Mr. Brown's motion to compel is denied.

Alternatively, and without limitation of the foregoing, the motion to compel (ECF No. 70) is also denied because it fails persuasively to identify any material way in which U.S. Bank's interrogatory answers are insufficient, as well as because the motion supplies nothing to support a finding that the answers provided were not responsive or that the objections asserted should be

overruled. To the contrary, the motion is generic, compelling the Court to guess how and why any particular response requires judicial intervention. By way of just one example, the motion argues that U.S. Bank's answers to interrogatories 13-14 are inadequate because they did not name every person who acted as foreclosure counsel or as a mailing vendor, yet the actual interrogatories do not request that information, the motion fails to explain why it is relevant and the responses provided and objections asserted (for example, to supplying home addresses for every person who endorsed the Note) appear entirely appropriate. Relatedly, to the extent that Mr. Brown's motion to compel seeks the additional relief of preclusion of the Corral Affidavit (ECF No. 40-3), it is denied because such relief amounts to sanctions, which is a remedy beyond the scope of Fed. R. Civ. P. 37(a), nor is there any basis for the Court imposing such a penalty in the circumstances here pursuant to its inherent power. Nor does the Court find anything in this motion that conceivably supports such draconian relief.

Similarly excluding the portion that references Fed. R. Civ. P. 56(d), which is discussed *infra*, Mr. Brown's motion for sanctions (ECF No. 69) is denied on the merits (including Mr. Brown's request for his fees and expenses in bringing the motion) because Mr. Brown has failed persuasively to demonstrate any material noncompliance with the Court's Text Order of October 22, 2025. Put differently, this motion is denied because, mindful that the purpose of sanctions is to penalize wrongful conduct, Moulton, 2015 WL 12990224, at *1, the Court finds no wrongful conduct and therefore no basis for imposing any sanction. By way of just one example, the motion argues that U.S. Bank failed to comply with the Order because it failed to supply "documents sufficient to show Plaintiff's citizenship for purposes of [establishing] diversity jurisdiction." ECF No. 69 at 3. Yet Mr. Brown ignores that the Court has already addressed the adequacy of U.S. Bank's compliance through its production of jurisdiction information and

documents, and specifically found that its "disclosure is sufficient because this Trust's citizenship is derived from that of its Legal Title Trustee." See n.7 *supra* (citing U.S. Bank Nat'l Ass'n, 2026 WL 1441127, at *5). As the judicial officer who issued both the October 22, 2025, Text Order and the May 21, 2026, Memorandum and Order, the Court hereby cautions Mr. Brown that his perseveration in pressing for this information yet again – now in a motion for sanctions – teeters perilously close to sanctionable conduct by him.

Turning to the aspect of each of these motions that seeks Fed. R. Civ. P. 56(d) relief, the Court's analysis begins with a focus on timing, that is, Mr. Brown's lack of diligence in waiting to raise supposed concerns about the need to further develop relevant facts until months after the close of fact discovery and months after the filing of the motion for summary judgment. This extended delay makes the Court's work easy – Mr. Brown's Fed. R. Civ. P. 56(d) motion is denied because it is untimely. Rivera-Torres, 502 F.3d at 11 ("party seeking to derive the benefit of Rule 56(f) must demonstrate due diligence both in conducting discovery before the emergence of the summary judgment motion and in pursuing an extension of time once the motion has surfaced").

A second but equally important reason to deny Mr. Brown's Fed. R. Civ. P. 56(d) motion "out of the gate" is his failure to comply with the important requirements of the Rule. Universal Trading & Inv. Co., Inc., 605 F. Supp. 3d at 287. These requirements are calibrated to avoid unnecessary delay at the same time that the nonmovant at the summary judgment phase is able to present facts "essential to justify its opposition" that it is unable to present "for specified reasons." Fed. R. Civ. P. 56(d) (emphasis added). Thus, Fed. R. Civ. P. 56(d) relief is not available unless the party seeking it not only has identified with precision the missing facts and why they were not developed sooner but also has persuasively explained how they can be

assembled in a reasonable time and how they would influence the outcome of the summary judgment motion. Velez, 375 F.3d at 40. The party may not "simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." Dorey, 2025 WL 90050, at *3 (internal quotation marks omitted). Mr. Brown's Fed. R. Civ. P. 56(d) requests fail persuasively to address any of these criteria.

As to substance, the Court has scoured Mr. Brown's filings and discerned nothing that conceivably amounts to discovery that is essential to Mr. Brown's opposition to summary judgment. For the most part, Mr. Brown's arguments in aid of Fed. R. Civ. P. 56(d) relief are the same vague assertions that he relies upon to support the other aspects of his motions. The only exception is his argument that the powers of attorney authorizing the execution of the relevant assignments were not produced in discovery. In support of this argument, Mr. Brown contends that the absence of the powers of attorney undermines U.S. Bank's *prima facie* showing that it is entitled to summary judgment. But see Moura v. Mortg. Elec. Registration Sys., Inc., 90 A.3d 852, 858 (R.I. 2014) (evidence of recorded assignment of mortgage through duly authorized representative is sufficient support to establish undisputed chain of title). Focusing on Fed. R. Civ. P. 56(d), Mr. Brown argues that the powers of attorney were not provided in discovery and that discovery should be reopened so he can obtain them and explore their provenance and authenticity.

As to two of the three powers of attorney, Mr. Brown is simply wrong. See ECF No. 72-1 at 15. These were specifically requested in discovery and were produced well before fact discovery closed and well before the summary judgment motion was filed. Id. Thus, during the fact phase of the case, Mr. Brown had ample time to propound discovery to follow up on them, if he deemed such necessary or relevant, yet he did nothing. Indeed, other than now complaining

that they are recorded in states other than Rhode Island (but without explaining why that matters), Mr. Brown does not explain why his Fed. R. Civ. P. 56(d) request as to them is not utterly without substance. Therefore, to the extent that Mr. Brown's Fed. R. Civ. P. 56(d) request rests on these two powers of attorney, it is denied on the merits.

There remains one specific document that Mr. Brown argues is material for summary judgment yet (accurately) asserts was not produced during the fact discovery phase – that is the limited power of attorney from Christiana Trust appointing Ocwen Loan Servicing, LLC ("Ocwen") as attorney-in-fact for servicing in 2013, which created the authority for execution of one of the assignments in the relevant sequence of ownership of the Note and mortgage. ECF No. 68-2; see also ECF No. 68 at 13. Deeming it not to be material to summary judgment, U.S. Bank did not include it (or the other powers of attorney) as part of the summary judgment motion filing. But when Mr. Brown argued in opposition that the failure to include these powers of attorney permits the inference that they never existed, rendering the assignments void and allowing him to evade summary judgment, U.S. Bank pointed to the two previously produced in discovery and provided a copy of the third, the Ocwen power, which is self-authenticating pursuant to Fed. R. Evid. 803(15) because it is publicly recorded in the Office of the Plymouth County, Massachusetts, Registrar of Deeds. ECF No. 68-2; see Michael H. Graham, 7 Handbook of Federal Evidence § 803.15 (10th ed. Nov. 2025 Update) ("[s]taements included within Rule 803(15) may, for example, concern the existence of a power of attorney to execute [a] document"). Further, U.S. Bank correctly points out that, by contrast with two other powers of attorney, which were requested by Mr. Brown during the fact discovery phase of the case,

ECF No. 34-1 at 3-4, the Ocwen limited power of attorney was not requested by Mr. Brown so there was no wrongful failure to provide it.[11]

What is critical for Fed. R. Civ. P. 56(d) purposes is that, in response to Mr. Brown's argument in opposition to summary judgment, U.S. Bank attached a copy of the self-authenticating version of the "missing" Ocwen power of attorney to its reply filed on June 29, 2026. ECF No. 68-2. Thus, this gap was closed well before Mr. Brown initiated the flurry of motions now in issue, leaving the Court with a "disorganized melange of conclusory statements" in an attempt to persuade it to permit a further delay. See Moura, 90 A.3d at 858. With a self-executing document publicly on the record in nearby Massachusetts, Mr. Brown has failed to suggest any possible need for follow-up discovery focused on this document. Accordingly, to the extent that Mr. Brown's Fed. R. Civ. P. 56(d) motion focused on the lack of the Ocwen limited power, he now has it and his Fed. R. Civ. P. 56(d) argument fails to explain what more conceivably could be needed. Thus, to the extent that they rest on the Ocwen limited power of attorney, Mr. Brown's Fed. R. Civ. P. 56(d) requests in each of his motions are denied.

Before closing the analysis of Mr. Brown's motions, I pause to address Mr. Brown's request for leave to submit a sur-reply, embedded in ECF No. 71, in connection with U.S. Bank's pending motion for summary judgment. That aspect of the motion should have been filed separately as a request for relief pursuant to DRI LR Civ 7, so that it was clear to the Court that it sought relief in connection with summary judgment. Because it is embedded in the referred discovery motions, I have brought it to the attention of the District Court and otherwise defer.

---

[11] Mr. Brown disputes this proposition, vaguely arguing that the Ocwen limited power of attorney should have been produced in response to various document requests for assignment documents, to which U.S Bank provided specific responses, with production of specified documents, in 2024, supplemented in November 2025. Because U.S. Bank's responses are appropriately clear that the powers of attorney were not interpreted as encompassed within the scope of the requests Mr. Brown now relies on, as well as because these responses were served months before fact discovery closed, yet Mr. Brown did not timely move to compel or for sanctions, this argument is rejected. That is, the Court finds that the Ocwen limited power of attorney was not requested during fact discovery.

That is, this aspect of Mr. Brown's third motion (ECF No. 71) is neither granted nor denied. Instead, I have brought the sur-reply to the District Court's attention so that it may determine whether the argument stated therein should be considered as the Court decides whether to grant or deny the motion for summary judgment.

The Court's final task is U.S. Bank's motion for a protective order. ECF No. 72. Because all the discovery Mr. Brown has asked the Court to permit has been denied, this motion seeks relief that is no longer necessary. It is therefore denied as moot.

## IV. Conclusion

Based on the foregoing, the Court DENIES Mr. Brown's motions (ECF Nos. 69, 70, 71) except to the extent that ECF No. 71 seeks leave to file a sur-reply to U.S. Bank's summary judgment motion, as to which the Court declines to rule but defers to the determination of the District Court, which is addressing the pending motion for summary judgment. The Court DENIES as moot U.S. Bank's motion for a protective order. ECF No. 72.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 14, 2026