**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,** | ) | |
| **PLAINTIFF,** | ) | |
| **v.** | ) | **C.A. No. 21-CV-00198-JJM-PAS** |
| **ROBERT TED BROWN; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND INTERNAL REVEUNE SERVICE,** | ) | |
| **DEFENDANT.** | ) | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S**
**MOTION TO ALTER OR AMEND JUDGMENT**

The Plaintiff, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, objects to Defendant, Robert Ted Brown's, Motion under Rule 59(e) to Alter or Amend Judgment. Defendant's Motion fails as a matter of law because no manifest error of law exists and the sixteen alleged errors are merely Mr. Brown's disagreement with Magistrate Judge Sullivan's decision denying his late discovery motions (ECF76) and the Court's decision at summary judgment (ECF 77), which clearly affirms the Magistrate Judge's decision. In support of its Objection, the Plaintiff incorporates its Memorandum of Law below.

The factual background and procedural history have been briefed in *ad nauseum*, and Plaintiff refers to its prior summaries in support of this objection. *See* ECF 40-1; ECF 72-1. Following entry of judgment, Defendant filed an objection pursuant to Fed. R. Civ. P. 72(a), to the Magistrate Judge's Order. On the eve of his appeal deadline, Defendant filed this Motion alleging manifest errors in the Court's decision to grant summary judgment.

## STANDARD OF REVIEW

The District Court's discretion to "alter or amend a judgment" under Rule 59(e) of the Federal Rules of Civil Procedure requires "considerable circumspection" because granting such a motion "is an extraordinary remedy and should be employed sparingly." *See Ira Green, Inc. v. Mil. Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014) (citing *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)). Relief is to be granted "only when 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.'" *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (quoting *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir. 2007)). A Rule 59(e) motion "is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment…nor is it a mechanism to regurgitate 'old arguments previously considered and rejected.'" *Id.* (quoting *Nat'l Metal Finishing Co., Inc. v. Barclays American Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990)).

## ARGUMENT

Defendant's Motion does not raise any new evidence that would present a genuine issue of material fact, nor does he allege any plausible abuse of discretion to establish a manifest error of law. Rather, Defendant seeks to re-litigate the issues raised in the motion for summary judgment which a Rule 59(e) is not designed for. *See Biltcliffe,* 772 F.3d at 930.

First, Mr. Brown alleges that this Court committed manifest error in issuing its decision (ECF 77) one day after the Magistrate Judge's memorandum and order (ECF 76) because his Rule 72(a) objection would not be heard. *See ECF 80-1* at 10-11. However, the decision lays out quite clearly that the Chief Judge's decision *explicitly* adopts the Magistrate Judge's Memorandum and Order. *See ECF 77* at *5, n. 2, *9, n. 3. Regardless, Defendant has not demonstrated how the

Magistrate Judge's decision is "plainly wrong and resulted in substantial prejudice" to establish an abuse of discretion. *See In re Subpoena to Witzel*, 531 F.3d 113, 117 (1st Cir. 2008). For a decision to be plainly wrong it must be "based on an incorrect legal standard or a misapplication of the law[,]" which presents a "high hurdle for appellants to overcome." *Id.*

Defendant's arguments skirt around the chief factor in the Magistrate Judge's decision, unreasonable delay. *See ECF 76* at *10. Mr. Brown "waited to file the motion to compel – well more than two years after he received the allegedly inadequate interrogatory answers; eight months after U.S. Bank complied with the October 22, 2025, Order to produce documents and seven months after Mr. Brown was advised by U.S. Banks' counsel that they deemed the November 2025 production to be complete compliance (other than the viewing of the original Note); seven and a half months after the filing of U.S. Bank's motion for summary judgment; seven months after Mr. Brown's opposition to the motion for summary judgment was initially due; six months after the close of fact discovery; and almost a month after the opposition to the summary judgment motion was actually filed." *Id.* The clear lack of diligence is determinative and ends the Court's discovery review. *See Rivera-Almodóvar v. Instituto Socioeconómico Comunitario, Inc.*, 730 F.3d 23, 26-27 (1st Cir. 2013); *Sellers v. U.S. Dep't of Defense*, CA 05-381 S, 2007 WL 9782872, at *9 (D.R.I. Nov. 9, 2007). Mr. Brown does not address this legal holding but rather he misconstrues the duty to supplement, which is inapplicable here where Plaintiff has timely produced its responses and documents. Defendant's conduct throughout this litigation demonstrates his true intent for "more delay and not a good faith effort to uncover relevant information…" *See ECF 76* at *10.

Second, Mr. Brown avoids the Magistrate Judge's basis for denying his Rule 56(d) request. The Magistrate Judge correctly applied *Velez v. Awning Windows, Inc.*, \375 F.3d, 40 (1st Cir. 2004) in finding that the Rule 56(d) discovery would result in unreasonable delay and lacked any

specified facts, with the exception of the powers of attorney. *See ECF 76* at *12-13. Two of the three powers of attorney "were produced well before fact discovery closed and well before the summary judgment motion was filed." *See id.* at *13. The third power of attorney was never requested or timely compelled. *See id.* at *15. The Court's decision on summary judgment specifically addresses the powers of attorney, correctly applying *Moura v. Mortg. Elec. Registration Sys., Inc.*, 90 A.3d 852, 858 (R.I. 2014) in holding that the "notarized assignment executed by someone representing that she holds authority to sign on the assignor's behalf is presumptive evidence of that authority." *See ECF 77* at *16.

Third, Mr. Brown asks the Court to grossly expand the scope of Fed. R. Civ. P. 37 to sanction Plaintiff when the Magistrate Judge found that "Mr. Brown has failed persuasively to demonstrate any material noncompliance with the Court's Text Order of October 22, 2025." *See ECF 76* at 11. Having refused Plaintiff's repeated requests for a dialog to address the perceived errors for several months, Defendant continues to assert his vague, nonspecific claims of noncompliance with the Text Order. *See ECF 80-1* at *22.

Fourth, from pages 32-96, Defendant merely regurgitates the same arguments made at summary judgment, which were addressed by the Chief Judge's decision and not at issue in the discovery motions. The Court's holding addresses each of Mr. Brown's perceived errors, and these "old arguments previously considered and rejected" are inappropriate in a Rule 59(e) motion. *See Biltcliffe,* 772 F.3d at 930.

Lastly, this Court should deny Defendant's request for stay of foreclosure proceedings. Mr. Brown offers no justification or factual basis to apply a stay. Defendant has not made any payments for over eleven years now. *See ECF 76* at *2. To the extent that the Court may be inclined to grant further stay, Plaintiff asks that the Court consider its use and occupancy request. *See id.* at n. 2.

WHEREFORE, the Plaintiff requests that this Court deny the Defendant's motion, affirm the Magistrate Judge's Memorandum and Order denying Defendant's various discovery motions, and deny Defendant's request to stay foreclosure sale of the mortgaged property.

Respectfully submitted by,
PLAINTIFF,
**U.S. Bank, National Association, as legal title trustee for Truman 2016-SC6 Title Trust,**
By its attorneys,

*/s/ Rowdy M. Cloud*__________
Rowdy M. Cloud, Esq. (# 9383)
BROCK AND SCOTT, PLLC
23 Messenger Street, Second Floor
Plainville, MA 02726
Tel: (508) 379-4516
rowdy.cloud@brockandscott.com

Dated: October 16, 2026

**CERTIFICATE OF SERVICE**

I, Rowdy M. Cloud, hereby certify that on this 16th day of October 2026, I caused a copy of the foregoing document to be filed and served via the ECF system on the parties registered to receive electronic service in this matter.

The document is available for viewing and/or downloading from the ECF system.

*/s/ Rowdy M. Cloud*____________
Rowdy M. Cloud, Esq. (#9383)